UNITED STATES of America

v.

William Robert SMITH, Rosemary Jean Parrish a/k/a Jean Parrish, William Robert Smith, Appellant.

No. 17851.

United States Court of Appeals, Third Circuit.

Argued Feb. 6, 1970.

Decided March 2, 1970.

John L. Doherty, Esquire, Livingston, Miller & Haywood, Pittsburgh, Pa., for appellant.

Charles F. Scarlata, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before FREEDMAN, ALDISERT and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Defendant appeals from his conviction and sentence for a term of fifteen years' imprisonment on a two count indictment which charged him with violating Section 2113(a) and (d) of Title 18, United States Code. He claims three trial errors as grounds for reversal of that conviction.

First, defendant claims that impatient comments by the Court to the Assistant United States Attorney during his direct examination, and to counsel for the defendant on cross-examination of the witness Rupert, with respect to a group of photographs which were used for identification during the course of

the investigation of the robbery, deprived the defendant of the effective assistance of counsel on the vital issue of his pre-trial identification. The Court imposed no limitation whatsoever on either direct or cross-examination, however, and immediately instructed the jury, in both the instances complained of, to disregard the comments. The comments cannot be considered harmful error.

Second, defendant complains of the admission of testimony by an Agent of the Federal Bureau of Investigation, that at the time of his arrest defendant denied he was William Robert Smith and asserted he was Anthony Scott. He claims that such admission was in violation of the rule of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Court heard the uncontradicted testimony of the Agent on defendant's motion to suppress, and also before the jury. The totality of that testimony sustains findings that defendant's statement was made after a full *Miranda* warning, and was, moreover, volunteered without interrogation. "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." Miranda v. Arizona, *supra,* 478, 86 S.Ct. 1630. The District Court made factual determinations which are amply supported in the record; and we find no error in the denial of defendant's suppression motion or in its admission of the Agent's testimony.

Finally, defendant contends that certain comments by the Assistant United States Attorney in summation violated the rule of Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). These comments related to the denial of identity and use of an alias referred to hereinabove. Use of an alias was relied upon by the government to show consciousness of guilt. Defense counsel, in his cross-examination of the F.B.I. Agent, and in summation, hoping to overcome the inference of consciousness of guilt, suggested that the alias

was a professional pseudonym used by defendant in his vocation of singer. No witnesses were called by the defendant to establish this fact, and he did not testify. The Assistant United States Attorney in summation responded:

"He intimated these things very cleverly, I might suggest, if not unscrupulously. Well, I won't intimate that about Mr. Doherty. But, in any event, he intimated that, but did you hear one jot of such proof?

The principle of the Government must prove its case very much applies in this case. The principle also applies that if a man has something to say in his defense, he should say it. And, that kind of a defense, the defense that he was using a professional name, the defense that he was innocently using the name Anthony Scott, is a defense the Defendant should have come forward with.

We don't have to show that he was using it innocently. He must show that he was using it innocently. It is enough that we carry the burden by showing he was using another name, a name other than his own.

\* \* \* \* \* \*

"Now, even if he were using the name of Anthony Scott legitimately, at the moment that he is being told that he is being sought for bank robbery as William Robert Smith you would think that an innocent person would say, 'Well, yes, I am William Robert Smith; I am the wrong fellow and I didn't rob the bank, but I now use the name of Anthony Scott', or words to that effect. He would explain that he once had that name."

Defendant could have called third party witnesses to establish his innocent use of a professional name. In such a situation the quoted response does not fall within Griffin v. California, *supra.* United States v. Giuliano, 383 F.2d 30 (3d Cir.1967); United States v. Heithaus, 377 F.2d 484 (3d Cir.1967).

The judgment of conviction will be affirmed.