**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Forest GUSTAVE, Defendant-Appellant.**

No. 24131.

United States Court of Appeals, Ninth Circuit.

April 9, 1970.

Charles M. Berg, Beverly Hills, Cal., for defendant-appellant.

Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, CARTER and KILKENNY, Circuit Judges.

### PER CURIAM.

On this appeal from appellant's conviction of bank robbery, appellant was identified as the holder of the shotgun used therein by at least five persons in the bank at the time. Other witnesses in the bank were unable to identify him as one of the two participants in this armed robbery.

Two errors are urged—*one*: that the evidence was insufficient to convict appellant. We disagree. The evidence, though conflicting, was abundantly sufficient to establish appellant's guilt beyond a reasonable doubt. *Two*: that the court erred in giving an instruction that the appellant was not required to take the stand, in his own defense, and that his failure could create no inference against appellant. (R.T. 310). Appellant's counsel first objected to the giving

of such instruction (R.T. 231), then waived any objection, stating "we will accept that instruction." (R.T. 233). Apart from the waiver, the instruction was proper. United States v. Jones, 406 F.2d 1297, 1298 (9th Cir. 1969). It was also beneficial to the appellant, rather than harmful, in a bank robbery case. Coleman v. United States, 367 F.2d 388 (9th Cir. 1966). *Cf.* also: Aiuppa v. United States, 393 F.2d 597, 602–603 (10th Cir. 1968).

Affirmed.