**William Robert SMITH, Appellant,**

v.

**UNITED STATES of America.**

**No. 71–1137.**

United States Court of Appeals, Third Circuit.

Submitted Feb. 14, 1972.

Decided March 14, 1972.

William Robert Smith, pro se.

Richard L. Thornburgh, U. S. Atty., Charles F. Scarlata, Pittsburgh, Pa., for appellee.

Before ADAMS, GIBBONS and JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Petitioner, William Smith, was convicted by a jury on two counts of bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) in 1969. This Court affirmed the direct appeal from his conviction, United States v. Smith, 421 F.2d 1229 (3d Cir. 1970). Smith then filed a petition for federal habeas corpus under 28 U.S.C. § 2255, which was denied by the district court. He raises three contentions in his appeal from the denial of his petition.

■ First, he argues that additional instructions given to the jury at his trial constituted plain error. Smith was found guilty of violating 18 U.S.C. § 2113(d) which provides: "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device. . . ." The uncontradicted testimony adduced at the trial on the issue of the use of a dangerous weapon showed that three bank employees saw Smith in the bank brandishing a gun and that the employees were frightened by the gun. No evidence was offered tending to show that the gun was other than real and loaded. After the jury had deliberated for a time, it returned with the following question: "In regards to count two, does the weapon have to actually be a 'deadly' one, or is intimidation (even with a toy) alone sufficient for a guilty verdict on the second count." Smith claims that the supplemental charge given in response to the jury's question was prejudicial. After carefully examining the original charge together with the supplemental charge, we hold that if error was committed, it was harmless and certainly not of constitutional dimension entitling Smith to habeas corpus relief. Fed.R. Crim.P. 52(a).

■ Additionally, Smith complains that the trial court's allusion to the fact that if he were committing error, this court would correct it significantly prejudiced the jury. Smith argues that, in effect, the jury was told to convict him because if any errors were discovered, Smith would eventually receive justice. Upon careful consideration of the section of the charge in which the district court made this statement, it is apparent that the trial court told the jury only that his reading of the statute might conceivably be faulty, and that an appellate court could correct such a misreading. He never intimated to the jury that their findings of fact were subject to review and thus did not commit reversible error in this regard.

■ As his final contention, Smith advances the proposition that the failure of his counsel to object to the array of the grand and petit juries deprived him of effective assistance of counsel. We find no merit to this contention under the circumstances of this case. The system employed in the Western District of Pennsylvania for selecting members of the grand and petit juries has already been subject to judicial scrutiny, and has been found to meet the requirements of 28 U.S.C. § 1861 et seq. United States v. Torquato, 308 F.Supp. 288 (W.D.Pa. 1969); See Dow v. Carnegie-Illinois Steel Corp., 224 F.2d 414 (3d Cir. 1955). In addition, Smith's petition for relief offers no allegations other than the unsubstantiated assertion that "Blacks" were systematically excluded from service on the grand and petit juries upon which the district court could find, even after a hearing, that he was denied the effective assistance of counsel. Wade v. Yeager, 377 F.2d 841 (3d Cir. 1967), cert. denied, 393 U.S. 893, 89 S.Ct. 218, 21 L.Ed.2d 173 (1968).

Accordingly, the judgment of the district court denying relief will be affirmed.