Forrest GUSTAVE, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 78–1918.

United States Court of Appeals, Ninth Circuit.

Resubmitted July 14, 1980.

Decided July 15, 1980.

Forrest Gustave, Sylvia Gustave, pro se.

Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal., for defendant-appellee.

Appeal from the United States District Court for the Central District of California.

Before ELY and SCHROEDER,* Circuit Judges, and HOFFMAN, District Judge.**

WALTER E. HOFFMAN, District Judge.

This is an appeal from an order denying appellant Gustave's motion under 28 U.S.C. § 2255 to vacate and set aside the sentence entered upon his conviction for bank robbery. Essentially, appellant claims he was denied effective assistance of counsel.

After a three-day jury trial held in April, 1968, petitioner and co-defendant, Winters, were convicted of robbing a national bank. A motion for a new trial was filed by counsel for both defendants. Petitioner, *pro se*, also filed a motion for a new trial and demanded a new attorney. The motion for a new trial was granted and different attorneys were appointed for each defendant.

Gustave was again convicted by a jury in the second trial in August, 1968. Judge Albert L. Stephens, Jr. imposed a fifteen year sentence. Thereafter, Judge Stephens, at petitioner's request, appointed new counsel for appeal purposes. This court affirmed the conviction. *United States v. Gustave*, 424 F.2d 539 (9th Cir. 1970).

By a § 2255 proceeding filed in 1971, petitioner raised the question that the jury was unconstitutionally drawn in that blacks were excluded from the jury. This claim was rejected by the court by order dated January 26, 1972. There was no appeal from this order. The instant motion was filed in July, 1974. Judge Stephens dismissed the motion in August, 1974, without ordering a response from the United States or conducting an evidentiary hearing. Denial of a § 2255 motion without an evidentiary hearing is proper only if the motion, files and records of the case conclusively show that the prisoner is entitled to no relief. *Dukes v. United States*, 492 F.2d 1187, 1188 (9th Cir. 1974). In addition, a judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion. *Blackledge v. Allison*, 431 U.S. 63 fn. 4, 97 S.Ct. 1621 fn. 4, 52 L.Ed.2d 136 (1977). From his own memory of the two trials and a review of the record, Judge Stephens found that Gustave was "well rep-

---

* Judge Hufstedler was originally on the panel but recused herself from participation in the case due to her nomination as Secretary of Education. Judge Schroeder was selected to replace her on the panel.

** Hon. Walter E. Hoffman, Senior Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

resented by competent counsel who appeared to be well prepared. . . . Defendant was afforded a fair trial with competent counsel." Although petitioner does not specifically contend that Judge Stephens erred in failing to conduct an evidentiary hearing on his claims, under the rule of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and its progeny, we will consider his appeal in that light.

## I.

■ This Court's recent *en banc* decision in *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978), *cert. denied* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793, sets forth the standards for evaluating a claim of ineffective assistance of counsel. The Court held that persons accused of crime must be afforded reasonably competent and effective representation but, where the claim of ineffective assistance is founded upon specific acts or omissions of defense counsel at trial, the accused must establish that counsel's errors prejudiced the defense. *Id.* at 1338, 1341. Our review of petitioner's shopping list of alleged errors by counsel and the transcript of the second trial, convinces us that petitioner was competently represented throughout the proceedings and therefore hold that the District Court properly dismissed petitioner's motion without an evidentiary hearing.

## II.

The bulk of petitioner's claims relate to the services of William C. Miller, his attorney at the second trial. He first complains that Miller did not move to exclude the incourt identifications by five witnesses as based upon impermissibly suggestive pretrial identification procedures, in particular, procedures prior to the first line-up and an allegedly suggestive display of photographs. A similar motion was denied at the first trial. Furthermore, he contends that Miller did not comply with his request to summon the first trial attorneys, Duncan and Cutler, to testify as to the irregularity of the line-up procedures.

■ We agree with the District Court that under the circumstances of this case— e. g., five witnesses who had ample time and incentive to observe petitioner during the commission of the crime identified him at both trials—there was little likelihood that the line-up procedures were suggestive enough to give rise to irreparable mistaken identifications. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). We also concur in the dismissal of the allegations concerning the photographic array shown to some witnesses as vague, conclusory and without any facts alleged in support of the claim. *See, Neighbors v. United States*, 457 F.2d 795 (9th Cir. 1972).

■ Miller's failure to summon the attorneys from the first trial was a reasonable trial tactic to prevent the jury from learning that there had been a prior trial, a fact *both* defendants wanted kept from the jury (R.T. 70). Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation. *Williams v. Beto*, 354 F.2d 698 (5th Cir. 1965). Considering that the same judge denied an identical motion to suppress at the first trial, we do not believe petitioner's case was prejudiced by his attorney's failure to make the requested motion or call the former attorneys to testify.

■ Petitioner next complains that he requested Miller to "contact, interview and subpoena all persons present at the bank during the time of the robbery." The record reveals that in addition to the government's witnesses, seven other persons present at the bank during the robbery were subpoenaed at the request of petitioner's attorney (R.T. 188). Both petitioner and his attorney interviewed these witnesses (R.T. 196). There is nothing to indicate that any other witnesses were available. In any event, the decision whether to subpoena certain witnesses rests upon the sound professional judgment of the trial lawyer.

■ As a third point, petitioner contends that his trial should have been severed from that of Winters. However, he does not

suggest any plausible ground for severance and with the heavy burden imposed by law in obtaining a severance, particularly in a situation involving co-defendants in a bank robbery charge, (*see, United States v. Harris*, 542 F.2d 1283, 1312 (7th Cir. 1972) *cert. denied*, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779), it is ridiculous to suggest that counsel was ineffective in failing to move for severance.

■ Petitioner next argues that counsel failed to utilize prior sworn testimony of various witnesses in an effort to destroy their in-court identification with alleged inconsistencies. Although Miller made little use of this prior testimony, this is obviously a matter of trial tactics and falls far short of ineffective counsel.

■ Allied with the same claim is that petitioner requested his counsel to obtain the grand jury minutes of all witnesses who testified for the government at the first trial. We do not know whether there was any recordation of the grand jury proceedings and doubt that, in 1967, or early 1968, any recording was ever made in a run-of-the-mill bank robbery case presented to a grand jury. Only as recently as August 1, 1979, was Rule 6, F.R.Cr.P., amended to require the recordation of grant jury proceedings. See: Rule 6(e)(1). Even now, there must be a particularized need for disclosure of grand jury minutes except for purposes of Jencks Act material. The petitioner states that his attorney advised that "there were no minutes of the grand jury proceedings and that the government was not required to record those proceedings." In any event, petitioner does not even speculate on how the failure to obtain this information prejudiced his defense.

■ The fifth issue presented by petitioner is that he requested his attorney "To attempt to obtain a pre-trial discovery hearing in an effort to obtain, examine and investigate all statements, police reports and facts surrounding the crime alleged, and also to attempt to learn if there was a camera operating in the bank at the time of the robbery, recording the crime in progress." This essentially involves Rule 16 as it existed in 1968 and matters involving pretrial discovery were largely in the discretion of the court. Even today, statements of witnesses are not by law subject to examination or production until the witness has testified on direct examination. Assuming that Gustave's attorney advised Gustave that "there were no pre-trial discovery procedures in the Federal system," he was substantially correct. No evidentiary hearing is required.

■ As a sixth ground of relief, petitioner claims that he requested counsel to obtain civilian clothing to wear during the trial or otherwise have the trial court direct that provisions be made for him to have civilian clothing during the trial. This issue was not raised until well into the trial. "A defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error." *Hernandez v. Beto*, 443 F.2d 634, 637 (5th Cir. 1971), *cert. denied*, 404 U.S. 897, 92 S.Ct. 201, 30 L.Ed.2d 174. In addition, petitioner agreed with the court that this matter could be handled best in his attorney's summation to the jury.

In his first § 2255 motion, petitioner raised the issue of whether blacks were unconstitutionally excluded from the jury. This subject was discussed at some length in the court's order denying relief. In the instant motion he claims his counsel was ineffective in failing to comply with his request to move to examine the grand jury records to determine this issue or to assist him in gaining access to these records.

Initially, we should note that petitioner is mistaken in his assertion that the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 *et seq.*, provided him a right at the time of his trial to examine jury selection records. The Act was not effective until 270 days after March 27, 1968, *see* 28 U.S.C. § 1861, note, clearly after plaintiff's second trial in August, 1968.

■ Even if plaintiff's attorney could have gained access to jury selection records prior to the effective date of the 1968 Act, we decline to brand his failure to pursue

this avenue as ineffective assistance of counsel. Reasonable and effective assistance of counsel does not require an attorney to sift through voluminous jury records every time his client requests that he challenge the array as unconstitutionally drawn. There must be some evidence of irregularity in jury selection practices before failure to object to the panel rises to the level of ineffective assistance of counsel. *See, Arnold v. Wainwright,* 516 F.2d 964, 970–71 (5th Cir. 1975), *cert. denied,* 426 U.S. 908, 96 S.Ct. 2230, 48 L.Ed.2d 833, *cf. Smith v. United States,* 456 F.2d 121 (3d Cir. 1972).

Finally, petitioner claims he requested his attorney to question all prospective jurors "as to whether they had any bias or prejudice against blacks," and whether the jurors were affected by the then recent riots in the Watts area of Los Angeles. The transcript of the second trial does not indicate what questions were propounded on voir dire by the trial judge or what requests, if any, were made of him by counsel.

 Although under current law, the court must afford a defendant the opportunity to question jurors, or request the court to propound questions, specifically about racial bias under certain circumstances, *Ristaino v. Ross,* 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976); *Ham v. South Carolina,* 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973), whether the defense will avail itself of such an opportunity will in most instances involve the exercise of a judgment which should be left to competent defense counsel. *United States v. Ellingsworth,* 409 F.Supp. 568, 575–76 (D.Del.1975). In the instant case, the decision whether to request certain voir dire questions was a strategic decision of the attorney and his failure to do so, even against his client's wishes, is not ineffective representation.

 As a final note, we find that petitioner's claims against his other two attorneys, John K. Duncan and Charles M. Berg, are equally unfounded. Duncan was the first trial attorney who successfully moved for a new trial. Obviously we need not consider those claims concerning his repre-

sentation of petitioner. Berg was petitioner's counsel on the direct appeal from the conviction. Petitioner contends that Berg failed to assert on appeal various points raised by petitioner in his *pro se* motion for a new trial, after assuring petitioner that he would do so. All of the suggested points for appeal are without merit, as discussed above. There is no requirement that an attorney appeal issues that are clearly untenable. Counsel need not appeal every possible question of law at the risk of being found to be ineffective. *Gillihan v. Rodriguez,* 551 F.2d 1182 (10th Cir. 1977), *cert. denied,* 434 U.S. 845, 98 S.Ct. 148, 54 L.Ed.2d 111.

Although leave to proceed in forma pauperis is granted, we affirm the decision of the district court dismissing the petition without an evidentiary hearing.

AFFIRMED.