**UNITED STATES of America**

v.

**Marion FERRELL, a/k/a "Zoom".**

**Crim. No. 84–00066.**

United States District Court, E.D. Pennsylvania.

Nov. 30, 1989.

---

Glenn Bronson, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Neil E. Jokelson, Philadelphia, Pa., for Ferrell.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Magistrate Naythons filed his Report and Recommendation concerning the defendant's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on July 21, 1989. Although no formal objections or exceptions to the Report and Recommendation were filed, the defendant wrote several letters to the court during the pendency of his petition and following the issuance of the Report and Recommendation in which he reiterated many of the claims raised in his petition, but also alleged for the first time that his attorney interfered with his right to appeal and with his right to testify at trial on his own behalf. Because these allegations were not presented to the magistrate in the defendant's habeas corpus petition, they were not addressed in the Report and Recommendation. I will therefore discuss and dispose of these additional claims. In all other respects, I will adopt the magistrate's Report and Recommendation.

The defendant was convicted following a jury trial on June 21, 1984, of one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, and with four counts of distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1). Defendant's post-trial motions were denied on July 17, 1985. Defendant's attorney filed a notice of appeal of the conviction on August 7, 1985. He filed memoranda in support of the appeal in November of 1985. The appeal was denied on February 24, 1986. On June 9, 1986, defendant, acting *pro se*, filed a motion to reduce or modify his sentence pursuant to Fed.R.Crim.P. 35. The motion was denied on June 13, 1986. On March 10, 1987, the Third Circuit affirmed my denial of the Rule 35 motion.

Defendant maintains in a letter to me dated July 31, 1989, that "[my attorney] neglected to inform me or my family my appeal had been lost.... [and] [n]eglected to reserve my rights to file a notice of review to the Third Circuit (10 days after decision).... [and] [n]eglected to reserve my rights to file a notice of Appeal [to the] United States Supreme Court (20 days after decision)." It is unclear exactly to which "appeal" or right to Third Circuit review the defendant is referring: the denial of his post-trial motions; the affirmance of his conviction on appeal to the Third Circuit; or the denial of his Rule 35 motion. However, it makes no difference to which event the defendant may be referring: his attorney's alleged failure to act did not amount to ineffective assistance of counsel. Each of the contentions raised in defendant's post-trial motions was re-addressed

by his attorney in the appeal of defendant's conviction; hence, any alleged failure by the attorney to inform the defendant or his family that I had denied those motions was no more than a harmless oversight. The defendant was no longer represented by counsel when his Rule 35 motion was filed. He filed the motion himself and also filed a *pro se appeal* to the Third Circuit of my decision refusing to reduce his sentence. His appeal was denied. The failure to file a timely petition for writ of certiorari with respect to the Rule 35 motion can only be attributed to the defendant, and not to his former counsel.[1]

■ The only possibly cognizable issue raised in defendant's letter of July 31, 1989, is whether his trial attorney's alleged failure to inform him that the appeal of his conviction to the Third Circuit had been denied, thereby preventing the timely filing of a petition for writ of certiorari, would constitute ineffective assistance of counsel. I conclude that it would not. There is no federal constitutional right to appeal a criminal conviction to the Supreme Court. "A review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only when there are special and important reasons therefor." Supreme Court Rule 17; *see Heckler v. Edwards,* 465 U.S. 870, 876, 104 S.Ct. 1532, 1536, 79 L.Ed.2d 878 (1984). There is also no constitutional right to counsel to pursue an application for review in the Supreme Court. *Ross v. Moffitt,* 417 U.S. 600, 617, 94 S.Ct. 2437, 2447, 41 L.Ed.2d 341 (1974). *See also Gustave v. United States,* 627 F.2d 901, 906 (9th Cir.1980) ("There is no requirement that an attorney appeal issues that are clearly untenable"). In *Wainwright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), the Supreme Court held that a Florida state criminal defendant had not been deprived of effective assistance of counsel when his retained counsel failed to file a timely application for certiorari with the state supreme court. Review by the Florida Supreme Court is discretionary, as it is in the United States

Supreme Court, and there is no consitutional right to counsel to pursue such discretionary review. "Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely." *Id.* at 587, 102 S.Ct. at 1301. Hence, any alleged neglect on the part of defendant's attorney in failing to notify defendant when his appeal to the Third Circuit had been denied would not rise to the level of a constitutional violation.

■ Finally, the defendant asserts in an undated letter that "[i]t was never my strategy to stop myself from testifying in my own behalf." On August 6, 1989, defendant wrote, "Among the many reasons the fiduciary relation [sic] between defendant and counsel was totally out was counsel's strategy of defendant to invoke the fifth Amendment. This closed the door for an 'effective' defence [sic]." With the benefit of hindsight, defendant is now challenging his attorney's advice that he invoke his Fifth Amendment privilege not to testify at trial. Defendant has made no showing, however, that he openly disagreed with this strategy at the time of trial or that he informed his attorney that he wanted to testify on his own behalf despite counsel's recommendation that he invoke his Fifth Amendment privilege. There is nothing here to suggest that defendant's invocation of the Fifth Amendment was anything but voluntary. Defendant cannot retroactively assert his right to testify long after the trial has ended.

An order follows.

## ORDER

AND NOW, this 30th day of November, 1989, upon consideration of the pleadings and record herein, and after review of the Report and Recommendation of the United States Magistrate, it is hereby ordered that:

1. In addition, as I discuss *infra,* any alleged failure by defendant's trial counsel to file a timely petition for review by the Supreme Court

concerning the denial of his Rule 35 motion is not a constitutional violation.

1. The Report and Recommendation is approved and adopted, as supplemented by the foregoing memorandum.

2. The motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is denied.

3. There is no probable cause for appeal.