972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven A. VOLSTAD, Petitioner-Appellant,
v.
Kenneth DUCHARME, Respondent-Appellee.
 No. 91-35302.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1992.
Decided June 24, 1992.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven Volstad was convicted and sentenced to 347 months in prison for the murder of his ex-wife. Volstad appealed this conviction to the Washington Court of Appeals raising nine separate issues and then to the Washington Supreme Court, appealing for further review only five of these issues. The supreme court denied review without comment. Volstad subsequently petitioned the district court for a writ of habeas corpus, raising the nine claims originally brought before the Washington Court of Appeals. The district court granted the state's motion for summary judgment and denied Volstad's petition for habeas corpus with prejudice.
 
 
 3
 Volstad now appeals, reasserting three claims for relief: (1) that the trial court erred in failing to strike juror # 11 for cause, (2) that the court denied him his Sixth Amendment right to confront witnesses, and (3) that he received ineffective assistance of counsel. Only two of these claims were raised in each of Volstad's prior proceedings. We review de novo a denial of a petition for habeas corpus. Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 4
 * Volstad first argues that the trial court erred in denying Volstad's motion to strike juror number 11 for cause. Because the trial court's assessment of the partiality of an individual juror is accorded a presumption of correctness, Patton v. Yount, 467 U.S. 1025, 1036 (1984); Rushen v. Spain, 464 U.S. 114, 120 (1983), we must uphold the court's decision as long as there is even "fair support" in the record for the court's determination. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Ambiguous or contradictory statements made by a juror are sufficient to find that the record contains fair support, for "[j]urors ... cannot be expected invariably to express themselves carefully or even consistently," Patton, 467 U.S. at 1039, and a "trial judge properly may choose to believe those statements [on voir dire] that were the most fully articulated or that appeared to have been least influenced by leading [questions]." Id.
 
 
 5
 After Volstad declared in open court that he wanted to change his plea, the trial judge voir dired each juror for potential prejudice. Juror number eleven said she already had an opinion of guilt or innocence, based on the testimony not the defendant's comments, but understood the trial was not over and that she could keep an open mind until then. The trial judge, who was on the spot and best able to assess the juror's credibility, concluded the juror was impartial. That determination is supported in the record, and we therefore defer to it.
 
 II
 
 6
 Volstad next contends that he was denied his Sixth Amendment right to confront the witnesses against him and call other witnesses in his own behalf. The state argues that Volstad is procedurally barred from pursuing federal habeas review on this issue because of his failure to exhaust state remedies. We agree. Volstad did not present his Sixth Amendment claim to the Washington Supreme Court and the time to do so has now expired. Failure to seek review is improper exhaustion and "constitutes a procedural default." Harmon v. Ryan, 959 F.2d 1457, 1461 (9th Cir.1992).
 
 
 7
 Assuming, however, that his claim is not procedurally barred, on the merits we find no violation. The fact that certain witnesses were not subpoenaed was due to a decision by defense counsel, not to any ruling of the court. Cf. Perry v. Rushen, 713 F.2d 1447, 1450 (9th Cir.1983), cert. denied, 469 U.S. 838 (1984) (right to compulsory process prevents state from arbitrarily excluding testimony). Volstad specifically told the court that he was not asking it to act. Therefore Volstad's Six Amendment rights were not infringed.
 
 III
 
 8
 Volstad argues that he was denied the effective assistance of counsel due to counsel's failure to call Volstad's daughter, mother, father, landlord and psychiatrist so that they could testify about the type of relationship Volstad had with his ex-wife and about whether they believed it likely his ex-wife would attack him with a kitchen knife. Volstad also asserts that his counsel should have cross-examined three other witnesses to attack their credibility.
 
 
 9
 To establish ineffective assistance of counsel, a defendant must show both that his attorney's representation fell below an objective standard of reasonableness, and that this deficient performance prejudiced the defense to such a degree that it effectively deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, "[j]udicial scrutiny of counsel's performance must be highly deferential," id. at 689, for "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Thus, prejudice requires showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 10
 Volstad's evidence is insufficient to overcome the strong presumption that counsel's strategic decisions were reasonable. Counsel indicated his decisions about these witnesses were strategic choices. Nor has Volstad made any showing of prejudice. See also Gustave v. United States, 627 F.2d 901, 904 (9th Cir.1980) ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation.").
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3