996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald R. BUNKER, Petitioner-Appellant,
v.
Frank SAUSER, Superintendent, Spring Creek Correctional
Center, Alaska Department of Corrections,
Respondent-Appellee.
 No. 92-35387.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1993.
Decided June 16, 1993.
 
 Before: BOOCHEVER, THOMPSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bunker was convicted of first-degree robbery in Alaska state court. After appeals and an application for post-conviction relief in the state court system, Bunker petitioned the federal district court for habeas corpus relief under 28 U.S.C. § 2254. His amended habeas petition alleged ineffective assistance of counsel and insufficient evidence to support his conviction. The district court denied his petition, and Bunker now appeals. We affirm.
 
 I. Ineffective Assistance of Counsel
 
 3
 Whether a defendant received ineffective assistance of counsel is a legal question reviewed de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). To reverse a conviction because of defects in counsel's performance, we must find that (1) counsel's actions were "outside the wide range of professionally competent assistance," and (2) the defendant suffered prejudice because of counsel's deficiency. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 4
 Both Northrup and Thompson were witnesses to the alleged robbery, but their stories were not consistent, so Bunker's attorney had to choose which should testify. The attorney called Northrup. Bunker argues that he should have called Thompson.
 
 
 5
 Both witnesses presented problems. Thompson was a prostitute with a criminal record, she was out of state with no address for service of subpoena, her story had Bunker selling cocaine, and when Mr. Beiswenger talked to her on the telephone, she was hesitant about divulging information about Bunker without his approval. Northrup too had a criminal record, but she was in Anchorage, and the defense investigator who spoke to her thought that despite her drug problem she would make a good witness. Also, Northrup's story had Bunker selling marijuana, a less serious offense than selling cocaine. The attorney could not know which, if any, of the several stories he heard was true. He made a professionally competent judgment about which witness would be most advantageous to Bunker. Cf. Gustave v. United States, 627 F.2d 901, 904 (9th Cir.1980) (no ineffective assistance of counsel when attorney did not subpoena all witnesses client requested).
 
 
 6
 Bunker's lawyer on the habeas petition, Ms. Barbara A. Norris, makes several other imputations of neglect, incompetence, and dishonesty against Mr. Beiswenger, the trial attorney. They are unsupported by the record. She also faults Mr. Beiswenger for not personally meeting Northrup until the day before she was to testify. But the defendant's investigator had spoken to Northrup, and petitioner has not provided any explanation or authority for the proposition that delegating investigative work amounts to ineffective assistance of counsel.
 
 
 7
 Petitioner complains about Mr. Beiswenger's failure to call five potential witnesses. None of the five was present when the robbery occurred, or had any directly material testimony.
 
 
 8
 Petitioner also complains about Mr. Beiswenger relying on investigations conducted by Stumvoll's lawyer, Mr. McCoy, or Ms. Brenkle, a lawyer working under Mr. McCoy's supervision. Bunker has not explained why it would be improper for Mr. Beiswenger to divide investigative duties with Stumvoll's counsel, nor has he shown any prejudice.
 
 II. Sufficiency of the Evidence
 
 9
 Evidence is sufficient to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) ( quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 10
 Bunker's argument seems to be that hostile glances and displaying a gun would not cause a reasonable man to be apprehensive of harm or induce him to give up his property. But a rational juror could find these circumstances sufficient to prove robbery. The government had to prove, under AS 11.41.500(a)(1), that Bunker took property by the threat of force, and was armed. Viewing the evidence in the light most favorable to the state, a rational juror could have found that Bunker had earlier displayed a gun and obtained the victim's money by demanding his wallet in a rude and hostile manner such that a reasonable man would have handed it over because he feared harm.
 
 
 11
 III. Evidentiary Hearing and Funds for Investigation
 
 
 12
 The decision to deny an evidentiary hearing is reviewed for abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 
 13
 Because Bunker did not show cause or prejudice for his failure to present additional evidence of ineffective assistance of counsel at the hearing already held in state court, he was not entitled to an evidentiary hearing in federal court. Keeny v. Tamayo-Reyes, 112 S.Ct. 1715, on remand to Tamayo-Reyes v. Keeny, 969 F.2d 839 (9th Cir.1992). The district judge did not abuse his discretion. Nor did the district abuse its discretion in denying the motion for funds with which to search for Thompson, the witness Mr. Beiswenger had not called. Without a showing of cause for failure to call her at the state court hearing, Thompson could not have testified even if found. See United States v. Smith, 893 F.2d 1573, 1580 (9th Cir.1990).
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3