67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe R. VARGAS, Jr., Petitioner-Appellant,
v.
Bryan S. GUNN, Warden, Respondent-Appellee.
 No. 94-17047.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 22, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joe R. Vargas, Jr., a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his jury conviction for rape, kidnapping, and other related crimes. Vargas contends that (1) his Fourth Amendment rights were violated by an illegal search and arrest; (2) he received ineffective assistance of counsel; (3) the trial court denied his counsel of choice by denying his request to relieve his counsel; (4) the prosecution failed to disclose material evidence; and (5) the state trial court erred in sentencing him to 19 years of imprisonment. We have jurisdiction under 28 U.S.C. Sec. 2253 and review de novo a district court's denial of 28 U.S.C. Sec. 2254 petition. Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993). We affirm.
 
 A. Fourth Amendment Claim
 
 3
 A Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate it in state court. Stone v. Powell, 428 U.S. 465, 481-82 (1976). The relevant inquiry is whether the petitioner had the opportunity to litigate his claim, not whether he did in fact do so. See Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990). Further, California law affords a defendant an opportunity to suppress evidence obtained in violation of the Fourth Amendment. See Cal.Penal Code Sec. 1538.5.
 
 
 4
 Vargas challenges the validity and scope of a parole search and the legality of his arrest. Although Vargas did not raise his Fourth Amendment claims in his direct appeal to the California appellate court, he was afforded an opportunity to do so. See id.; Gordon, 895 F.2d at 613. Therefore, Vargas's Fourth Amendment claims were not cognizable in federal habeas proceedings. See Stone, 428 U.S. at 481-82.
 
 B. Sixth Amendment Claim
 1. Ineffective Assistance of Counsel
 
 5
 To establish an ineffective assistance of counsel claim under the Sixth Amendment, a petitioner must show that (1) the specific acts or omissions of counsel fell below a standard of professional competence and (2) alleged acts or omissions have prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance, and counsel's judgment is entitled to a high degree of deference. Id. at 689-90; see also United States v. Quintero-Barraza, 57 F.3d 836, 841-42 (9th Cir.1995) (declining to second-guess counsel's tactical decisions). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.
 
 
 6
 Vargas challenges his counsel's performance on various grounds. First, Vargas argues that his trial attorney's failure to suppress certain evidence obtained through a parole search constituted ineffective assistance. The record indicates that counsel decided not to file a suppression motion because Vargas was a California Youth Authority parolee. See Strickland, 466 U.S. at 689-90; Quintero-Barraza, 57 F.3d at 841. Furthermore, the warrantless parole search was conducted in a manner consistent with California law. See United States v. Garcia-Cruz, 978 F.2d 537, 541 (9th Cir.1992), cert. denied, 113 S.Ct. 2453 (1993). The victim's identification of Vargas as a suspect provided "reasonable suspicion that [Vargas was] 'again involved in criminal activity, ... and that the search may turn up evidence of that activity....' " Id. (citing People v. Brugener, 41 Cal.3d 505 (1986)). The search was not invalid merely because the premises searched was jointly occupied by Vargas and his girlfriend, see United States v. Davis, 932 F.2d 752, 757-60 (9th Cir.1991) (discussing California case where parole search was valid even though person rather than parolee had expectation of privacy in place searched), or Vargas's California parole officer did not personally effect the search, see United States v. Butcher, 926 F.2d 811, 814 (9th Cir.), cert. denied, 500 U.S. 959 (1991). Thus, Vargas failed to show prejudice. See Strickland, 466 U.S. at 694.
 
 
 7
 Vargas also argues that his attorney's failure to challenge his warrantless arrest constituted ineffective assistance of counsel. This argument fails because the arrest was supported by probable cause. See United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990). The rape victim's identification, items seized from Vargas's residence pursuant to the parole search, and Vargas's starkly different story of his encounter with the victim warranted the law enforcement officer's belief that Vargas had committed a crime. See United States v. Valencia, 24 F.3d 1106, 1108 (9th Cir.1994). Therefore, Vargas was not prejudiced by counsel's failure to file a suppression motion. See Strickland, 466 U.S. at 694; see also United States v. Molina, 934 F.2d 1440, 1447 (9th Cir.1991) ("while it is arguably true ... that a defendant has everything to gain and noting to lose in filing a motion to suppress, it is not professionally unreasonable to decide not to file a motion so clearly lacking in merit").
 
 
 8
 Vargas's next ineffective assistance of counsel claim is based upon counsel's failure to request a pre-trial identification and to challenge the in-court identification. However, since Vargas did not present this issue to the district court in his Sec. 2254 petition, we decline to address it. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 9
 Vargas next claims that counsel's lack of preparation for trial and experience in rape cases resulted in a violation of the Sixth Amendment. Before the commencement of the trial, counsel requested a continuance because he was not ready for trial and was waiting for a certain laboratory analysis. The state trial court denied the request, but made sure that the defense had ample time to prepare its case. The laboratory analysis requested by the defense was ordered and was examined at trial. Further, counsel's lack of experience alone does not indicate incompetence. See United States v. Mouzin, 785 F.2d 682, 697-98 (9th Cir.1986), cert. denied, 479 U.S. 985 (1986). Thus, Vargas suffered no prejudice. See Strickland, 466 U.S. at 687; see also United States v. Olson, 925 F.2d 1170, 1173-74 (9th Cir.1991) (holding no ineffective assistance where trial counsel lacked experience, failed to make pretrial motions, and allegedly prepared witnesses inadequately).
 
 
 10
 Vargas next claims that counsel rendered ineffective assistance by failing to object to the evidence that the victim had received threatening phone calls prior to testifying. However, since California law allows such evidence to show a witness's credibility, see, e.g., People v. Olguin, 31 Cal.App.4th 1355, 1368-69 (1994) (threat from source rather than defendant is admissible to show witness's state of mind and is relevant to evaluation of witness's credibility), counsel's failure to object was not unreasonable or prejudicial. See Strickland, 466 U.S. at 694; see also United States v. Bosch, 914 F.2d 1239, 1247 (9th Cir.1990) (counsel's failure to object to admissible evidence was not unreasonable or prejudicial).
 
 
 11
 Vargas next claims that counsel's failure to call certain witnesses amounted to a Sixth Amendment violation. In connection with Vargas's motion for a new trial, Vargas's former trial attorney testified that he made a tactical decision not to call certain witnesses because he "was afraid of what they might say and how it would impact adversely to Mr. Vargas." "[I]n deference to the wide latitude afforded trial counsel, we will not second-guess counsel's decision." Quintero-Barraza, 57 F.3d at 841-42; see also Gustave v. United States, 627 F.2d 901, 904 (9th Cir.1980) (decision to subpoena witnesses rests upon sound professional judgement of trial attorney).
 
 
 12
 Finally, Vargas alleges that his trial counsel was ineffective because he did not visit him in prison and did not discuss the case with him. Vargas fails to show how counsel's personal visits to his prison would have changed the outcome of his trial. See Strickland, 466 U.S. at 694. Moreover, the record indicates that counsel discussed with Vargas the propriety of filing a suppression motion and calling certain witnesses. Therefore, Vargas has failed to show either prejudice or deficient performance by counsel. See id.; cf. United States v. Walker, 915 F.2d 480, 485 (9th Cir.1990) (total lack of communication resulted in ineffective assistance of counsel).
 
 2. Denial of Counsel of Choice
 
 13
 "The denial of a motion to substitute counsel implicates a defendant's Sixth Amendment right to counsel" and can be raised in a federal habeas proceeding. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1475 (9th Cir.), cert. denied, 115 S.Ct. 357 (1994). When reviewing the district court's denial for abuse of discretion, we consider: " '(1) timeless of the motion, (2) adequacy of the court's inquiry into the defendant's complaint, and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense.' " Id. (quoting Walker, 915 F.2d at 482).
 
 
 14
 Vargas requested that the state trial court relieve counsel because counsel was not prepared for trial. The court denied his request after ensuring that the attorney had ample time for preparation before the trial actually started and that Vargas got along with his attorney. See Bland, 20 F.3d at 1476-77 (noting that granting request for new counsel was not required if no irreconcilable conflict existed). We conclude that the state trial court did not abuse its discretion in denying Vargas's request to relieve his trial counsel. See id. at 1475.
 
 C. Brady Claim
 
 15
 Vargas contends that the prosecution failed to disclose that the rape victim was arrested for public intoxication and fighting subsequent to the rape incident. His contention lacks merit because the record indicates Vargas's counsel was aware of the arrest. See Brady v. Maryland, 373 U.S. 83, 87 (1963); see also United States v. Agurs, 427 U.S. 97, 103 (1976) (Brady rule concerns "discovery, after trial, of information which had been known to the prosecution but unknown to the defense").
 
 D. Alleged Sentencing Error
 
 16
 Vargas challenges his sentence under the Eighth Amendment. However, his 19 years of sentence cannot be said to be disproportionate to his offenses of rape, kidnapping, and assault. See Solem v. Helm, 463 U.S. 277, 290-92 (1983). Vargas also argues that his sentence violates due process. However, since he failed to raise this issue in the district court, we decline to address it. See Willard, 812 F.2d at 465.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3