Lyle Eugene KEIDEL, Petitioner–
Appellant,

v.

Frank TERRY; et al., Respondents–
Appellees.

No. 03–16787.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2004.*

Decided June 18, 2004.

Diane M. Ramsey, Esq., Cari McConeghy–Harris, Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: HALL, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Lyle Eugene Keidel, an Arizona state prisoner, appeals the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Keidel raised five ineffective assistance of counsel claims.[1] A showing of ineffective assistance of counsel requires: (1) identification of deficient acts or omissions by counsel that fall below objective standards of reasonableness; and (2) counsel's deficient performance must have prejudiced the prisoner by creating a reasonable presumption that, absent any errors, the outcome would have been different. *See Strickland v. Washington,* 466 U.S. 668, 691–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Keidel contends ineffective assistance of counsel for failing to cross-examine Lori Romaneck, his daughter, and to impeach her testimony. We agree with the state court conclusion that these contentions fail because the decision not to cross-examine or impeach Romaneck after her emotional testimony was a reasonable trial strategy. *See Gustave v. United States,* 627 F.2d 901, 904 (9th Cir.1980) (stating "[m]ere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation").

Keidel next contends that his counsel was ineffective for failing to use an expert witness to discredit Romaneck's testimony as a product of psychiatric counseling. This contention is conclusory. There is no deficient conduct because there is no evidence supporting Keidel's contention. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

■ Next Keidel contends that counsel's performance was deficient for failing to call witnesses to discredit Romaneck. However, he fails to show prejudice because he does not explain what these witnesses would have testified to had they been called. *See Strickland,* 466 U.S. at 695, 104 S.Ct. 2052; *see also Dows v. Wood,* 211 F.3d 480, 486 (9th Cir.2000) (denying ineffective assistance of counsel claim based on lack of preparation for failure to call witnesses when no affidavits were submitted to support petitioner's assertion as to what testimony would have been provided).

Finally, Keidel contends counsel was ineffective for failing to file a "motion for redetermination of probable cause to the grand jury." Keidel argues that the grand jury did not have probable cause to charge him. This contention lacks merit. There was no deficient conduct because the petit jury's verdict of guilty beyond a reasonable doubt demonstrates that there was probable cause to charge the defendant with the offenses for which he was convicted. *See United States v. Mechanik,* 475 U.S. 66, 67, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986).

Accordingly, the Arizona court's adjudication of Keidel's case did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

AFFIRMED.

---

1. To the extent that Keidel's habeas petition is raising new claims in his federal habeas petition, those contentions are unexhausted and federal habeas review is inappropriate. *See Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).