NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-55682 |
| Plaintiff -Appellee, | D.C. No. 8:10-cv-00995-DOC |
| v. | |
| EDDIE LEE FRANKLIN, | MEMORANDUM* |
| Defendant- Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, Presiding District Judge, Presiding

Argued and Submitted April 5, 2016
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges, and SETTLE, District Judge.**

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

Appellant Eddie Lee Franklin ("Franklin") appeals the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court granted a certificate of appealability on the issue of whether Franklin's trial or appellate counsel provided ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm.

To establish ineffective assistance of counsel, Franklin "must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986) (citing *Strickland*, 466 U.S. at 687). When a petitioner alleges ineffectiveness of counsel's assistance, he or she must show not just what counsel could have done differently, but that counsel's representation fell below an objective standard of reasonableness. *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998) (citing *Strickland*, 466 U.S. at 687–88). Counsel is presumed, with high deference, to have provided effective assistance. *Strickland*, 466 U.S. at 689. Courts must not simply give attorneys the benefit of the doubt, but must "affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as they did."

*Cullen v. Pinholster*, 563 U.S. 170, 195 (2011) (internal quotation marks omitted). "Mere criticism of a tactic or strategy" alone is not sufficient to show that counsel's performance was deficient. *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980).

In this case, Franklin fails to show that either his trial or appellate counsel's performance fell below an objective standard of reasonableness. While Franklin's counsel could have presented an argument that Franklin's prior offenses were not predicate offenses for purposes of the Sentencing Guideline's career offender enhancement, U.S.S.G. § 4B1.1, there was no Ninth Circuit authority for such a proposition and all of the out-of-circuit authority was decided against it. In such a legal landscape, it is not objectively deficient performance to forgo a legal argument that Franklin's prior offenses potentially do not qualify as predicate offenses. Moreover, Franklin has failed to overcome the strong presumption that his counsel made a strategic decision in light of the facts and circumstances of the case. Therefore, Franklin is not entitled to relief under § 2255.

**AFFIRMED.**