**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RODOLFO SANABRIA SANCHEZ,

    Defendant-Appellant.

No. 16-7021
(D.C. Nos. 6:12-CV-00436-RAW
& No. 6:09-CR-0037-RAW-1)
(E.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
DISMISSING THE APPEAL**
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

    Mr. Rodolfo Sanchez was convicted in federal court on drug charges. After an unsuccessful appeal, Mr. Sanchez moved to vacate his conviction under 28 U.S.C. § 2255. The district court denied Mr. Sanchez's motion to vacate and declined to grant a certificate of appealability.

    Mr. Sanchez now asks our court for a certificate of appealability so that he can appeal on grounds of ineffective assistance of counsel and cumulative error. We conclude that these claims are not reasonably debatable. Accordingly, we deny Mr. Sanchez's request for a certificate of appealability and dismiss the appeal.

## I.     Standard for a Certificate of Appealability

To appeal, Mr. Sanchez needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To receive a certificate, Mr. Sanchez must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). A substantial showing has been made only if we are able to conclude that reasonable jurists could regard the district court's rulings as debatable or wrong. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007).

## II.    Ineffective-Assistance Claims

Mr. Sanchez alleges ineffective assistance of counsel based on his

- trial counsel's failure to allege a constructive amendment of the indictment and

- appellate counsel's failure to allege that trial counsel had a conflict of interest and that the district court should have granted a motion to suppress.

### A.      The Test for Ineffective Assistance of Counsel

We analyze these claims under *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* establishes a two-part burden for Mr. Sanchez. First, he must show that his counsel's representation was deficient by falling "below an objective standard of reasonableness." *Id.* at 687-88. Second, Mr. Sanchez must show that the deficiency was prejudicial. *Id.* at 692. The alleged deficiency was prejudicial only if "there is a reasonable

2

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## B.    Trial Counsel

Mr. Sanchez contends that his trial counsel was ineffective by failing to object to evidence of uncharged offenses. To Mr. Sanchez, the prosecution's use of this evidence served to constructively amend the indictment.

Evaluation of the prejudice prong involves two inquiries:

1.    What would the district court have done if defense counsel had objected?

2.    What would we have done if the district court had overruled the objection?

The district court would have overruled the objection, and we would have upheld that ruling.

On the first inquiry, the district court was ideally suited to answer because it had already addressed the evidentiary issue and knew how it would have ruled if defense counsel had objected at trial. *See Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977).[1] Before trial began, the court had quizzed the attorneys about the evidence of uncharged offenses and

---

[1]    In *Blackledge*, the Supreme Court stated: "Unlike federal habeas corpus proceedings, a motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion, even though he could not summarily dispose of a habeas corpus petition challenging a state conviction but presenting identical allegations." 431 U.S. at 74 n.4.

3

expressed a preliminary ruling that the evidence would be admissible under Fed. R. Evid. 404(b)(2). And after the trial, the court confirmed that it would have overruled an objection made at trial because the evidence was intrinsic to the charged conduct. In these circumstances, no reasonable jurist would expect the district court to have sustained an objection if it had been made. *See Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("Considering that the same judge denied an identical motion to suppress at the first trial, we do not believe petitioner's case was prejudiced by his attorney's failure to make [a similar motion to suppress]" at a second trial); *Bynum v. Lemmon*, 560 F.3d 678, 685-86 (7th Cir. 2009) (concluding that the district court's post-conviction findings showed that the defendant had not been prejudiced from defense counsel's failure to file a motion to suppress).

Nonetheless, if his counsel had unsuccessfully objected to the evidence, Mr. Sanchez might have appealed. Had Mr. Sanchez done so, though, we undoubtedly would have rejected his appeal point.

The U.S. Constitution forbids constructive amendment of an indictment. *United States v. Farr*, 536 F.3d 1174, 1180 (10th Cir. 2008). An indictment is constructively amended when the evidence and jury instructions make it possible to convict the defendant for something not charged in the indictment. *United States v. Apodaca*, 843 F.2d 421, 428 (10th Cir. 2008). In assessing this possibility, we compare the indictment

4

with the district court proceedings to determine if those proceedings broadened the basis for a conviction. *Farr*, 536 F.3d at 1180.

The indictment was short and specific, alleging that Mr. Sanchez knowingly and intentionally possessed, with the intent to distribute, at least 500 grams of a methamphetamine mixture on or about March 13, 2009. In light of this allegation, the government presented extensive evidence of a controlled sale to Mr. Sanchez on March 13, 2009.

The government also presented evidence that the seller had made similar deliveries in the past. According to Mr. Sanchez, that evidence broadened the possible basis for a conviction. But our court would have rejected that argument, for the district court instructed the jury at the close of the evidence: "The Defendant is on trial only for the crime charged in the indictment, not for any other acts or conduct." Jury Instructions at 4. As a result, Mr. Sanchez was not prejudiced by the absence of a trial objection based on constructive amendment of the indictment.

### C.    Appellate Counsel

Mr. Sanchez also contends that his appellate counsel was ineffective by failing to appear for oral argument, declining to file a reply brief, and failing to appeal the denial of a motion to suppress. These contentions are not reasonably debatable.

### 1. Failure to Appear for Oral Argument

It is true that Mr. Sanchez's appellate attorney did not attend oral argument. The attorney later explained that he had thought the case was no longer set for oral argument. We assume, for the sake of argument, that this failure to attend constituted a deficiency, satisfying the first of *Strickland*'s two prongs. Even with this assumption, an ineffective-assistance claim would fail because the attorney's absence from oral argument would not have been prejudicial.

The assigned panel would have reset the case for oral argument if any of the three judges thought that oral argument might have been helpful. Fed. R. App. P. 34(a)(2). None did, so the panel decided the appeal on the briefs. *United States v. Sanchez*, 431 F. App'x 664, 665 (10th Cir. 2011) (unpublished) ("[T]his panel has determined unanimously that oral argument would not materially assist in the determination of this appeal."). In light of that determination, there is little reason to expect a different outcome if defense counsel had attended the oral argument when it was initially scheduled.

### 2. Failure to File a Reply Brief

Mr. Sanchez also argues that his appellate attorney should have filed a reply brief. But Mr. Sanchez does not say what his attorney should have

6

said in the reply brief. As a result, no reasonable jurist would regard the absence of a reply brief as prejudicial.[2]

### 3. Failure to Appeal the Denial of a Motion to Suppress

In addition, Mr. Sanchez claims that his appellate counsel was ineffective by failing to raise the district court's denial of a motion to suppress. The district court rejected this claim, reasoning that an appeal on the suppression issue would have proved fruitless. This rationale is not subject to legitimate debate.

Mr. Sanchez filed a motion to suppress in district court. There, a magistrate judge conducted a hearing and issued a report recommending denial of the motion to suppress. The magistrate judge stated that all objections were due within ten days of service. No one objected, and the district judge adopted the recommendation. The absence of an objection to the magistrate judge's report would have proved fatal if counsel had appealed the conviction based on denial of the motion to suppress.[3]

---

[2]    *See United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (holding that defense counsel's failure to appear at oral argument and file a reply brief were not prejudicial given the defendant's failure to show how oral argument or a reply brief "would have resulted in a reasonable probability of a different outcome").

[3]    In district court, Mr. Sanchez argued that trial counsel was ineffective for failing to object to the magistrate judge's report. But Mr. Sanchez's proposed appeal point has dropped trial counsel from the ineffective-assistance claim.

Our circuit "has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). Two exceptions exist:

1.    failure of the court to inform a pro se litigant of the consequences of a failure to object and

2.    the interests of justice.

*Id.*

These exceptions do not apply here. Mr. Sanchez was not appearing pro se, and there is no apparent basis for our court to apply the interests-of-justice exception. As a result, no reasonable jurist could have found prejudice from the failure to appeal the ruling on the suppression issue.

## III.   Cumulative Error and Existence of a Language Barrier with Counsel

Mr. Sanchez also alleges cumulative error and difficulty in understanding his attorney because of a language barrier. These arguments lack merit. No reasonable jurist would have found two or more constitutional errors or credited Mr. Sanchez's complaint about a language barrier.

8

## IV. Disposition

We decline to issue a certificate of appealability. As a result, we dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge