George **EGGLESTON**, Plaintiff-Appellant,

v.

**UNITED STATES of America,** Defendant-Appellee.

No. 85–6225.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 1986.

Decided Aug. 28, 1986.

Hamid R. Toofanian, Law Student, William J. Genego, Los Angeles, Cal., for plaintiff-appellant.

Jeffrey Modisett, Los Angeles, Cal., for defendant-appellee.

Before ANDERSON, POOLE and THOMPSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

The defendant, George Eggleston, appeals from denial of a motion pursuant to 28 U.S.C. § 2255. Defendant alleges his plea was involuntarily entered because (1) his appointed attorney failed to prepare for trial (ineffective assistance of counsel), and (2) his attorney threatened to withdraw from the case if defendant did not plead guilty. We affirm.

## I. BACKGROUND

On December 16, 1981, a federal grand jury returned a sixty-two count indictment charging defendant with three sophisticated fraud schemes involving elaborate tax shelter structures. In May of the same year, defendant had been prosecuted on a conspiracy charge related to backdating income tax documents for clients. In the previous instance, defendant retained his own counsel; however, for this case attorney Sharenow was appointed. Sharenow had previous experience as Assistant United States Attorney, working in the fraud and special prosecution section.

On March 2, 1982, defendant, pursuant to Sharenow's recommendation, pled guilty to seven of the counts with an agreement that the government would waive prosecution of the remainder. A review of the record shows that the Rule 11 plea hearing was a lengthy 2½ hour exchange between the parties and the judge. After finding that defendant understood the seven counts and the maximum penalty for each, the district court investigated the factual basis for each charge. A discussion of the

element of intent was held so that defendant would be clear as to its meaning. Throughout the proceedings the court exhibited its insistence upon a knowing and voluntary plea.

Three years later, defendant brought the instant section 2255 motion asking the court to either vacate his plea, vacate his sentence, or reconsider his Rule 35 motion. On April 1, 1985, the district court held an evidentiary hearing expressly limited to issues not raised in this appeal. After a careful review of the files and records, the court concluded that, on the issues defendant now raises, defendant was not entitled to a hearing or to relief because the record conclusively established that the defendant had effective counsel and had voluntarily entered a guilty plea. The defendant appeals.

## II. DISCUSSION

Defendant appeals the denial of relief without an evidentiary hearing on the issues of ineffective assistance of counsel and involuntary plea. We have previously noted "[n]o evidentiary hearing is required [pursuant to 28 U.S.C. § 2255], however, if the 'motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Birtle,* 792 F.2d 846, 849 (9th Cir.1986) (quoting 28 U.S.C. § 2255).

### A. *Ineffective Assistance*

■ In 1984, the Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel. The Court held that 1) "the defendant must show that counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 693 (1984), *and* 2) "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692, 104 S.Ct. at 2067, 80 L.Ed.2d at 696. *See also Hill v. Lockhart,* —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (reaffirming *Strickland* and applying it to

ineffective assistance claims arising out of guilty pleas). The district court found that the defendant failed to establish both prongs of the test as required. This is a mixed question of law and fact which we review *de novo. Strickland,* 466 U.S. at 698, 104 S.Ct. at 2070, 80 L.Ed.2d at 700.

■ Defendant claims Sharenow failed to interview governmental witnesses, to obtain discovery materials and information from the government, and to subpoena defense witnesses. "A claim of failure to interview a witness may sound impressive in the abstract, but it cannot establish ineffective assistance when the person's account is otherwise fairly known to defense counsel." *United States v. Decoster,* 624 F.2d 196, 209 (D.C.Cir.1976) (en banc). The record shows clearly Sharenow was well informed of the facts and circumstances of the case by his discovery methods. Not only did Sharenow have defendant as a source of information, he also had complete access to all of the witness interviews and statements taken by the government, as well as supporting documents and FBI reports. Defendant does not state, either in his brief or at oral argument, what additional information would be gained by the discovery he now claims was necessary.

■ Moreover, ineffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case.

> "When, ... the prosecution has an overwhelming case based on documents and the testimony of disinterested witnesses, there is not too much the best defense attorney can do."

*Decoster,* 624 F.2d at 210 (quoting *United States v. Katz,* 425 F.2d 928, 930 (2d Cir. 1970)). In light of the case against defendant known to counsel through discovery, counsel's advice that defendant plead guilty to lesser charges seems to be advice of strategy. We conclude that defendant has failed in the burden of showing that Sharenow's representation fell below an objective standard of reasonableness. Since we find that Sharenow adequately repre-

sented the defendant, we need not address whether defendant met the requirement of showing prejudice. *Strickland,* 466 U.S. at 698–99, 104 S.Ct. at 2070–71. *See also Hill,* — U.S. at ——, 106 S.Ct. at 369, 88 L.Ed.2d at 209.

### B. *Involuntariness*

█ Defendant claims his plea of guilty was involuntarily entered because, he alleges, Sharenow threatened to withdraw from the case unless the defendant pled guilty. We hold that defendant's allegation is frivolous for these reasons. First, the defendant does not support the allegation in the record, and Sharenow did in fact represent the defendant in the proceedings. Second, the court took utmost care in the plea hearing to ensure that the defendant knowingly and voluntarily entered his plea. The record shows the court gave the defendant every opportunity to plead not guilty, even recessing at one time so defendant could have time to consider his plea. More importantly, the record clearly discloses that had the court had *any* reservations about the defendant's understanding of the nature of the charge, the maximum possible penalty, and the factual basis of the charge, the plea of guilty would not have been accepted by the court, and the case would have proceeded to trial. Finally, defendant is an educated and sophisticated businessman with prior experience in criminal court proceedings. His inference that he thought he would be left without legal representation if Sharenow withdrew is incredible. This is especially so in light of the fact that another attorney, apparently a friend of defendant's, was advising him during the time of the plea. It is obvious to us that defendant's plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970).

Accordingly, the district court is

AFFIRMED.