972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Floyd BALOUGH, Defendant-Appellant.
 No. 89-50628.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted June 1, 1992.
Decided Aug. 4, 1992.
 
 Before POOLE, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Balough was indicted on three counts of bank robbery in 1984. Pursuant to a plea agreement, the government dropped one of the counts and Balough pleaded guilty to the other two counts. Balough was represented by counsel. Before sentencing, Balough filed a motion to appear pro se and to withdraw his guilty plea. The district court granted his motion to appear pro se and denied the motion to withdraw the guilty plea. On appeal this court remanded for reconsideration of the motion because it was not clear from the record that Balough had knowingly and intelligently waived his right to counsel. United States v. Balough, 820 F.2d 1485, 1489-90 (9th Cir.1987).
 
 
 3
 On remand, the district court held a hearing on the motion to withdraw the plea and denied the motion. Balough appeals, claiming the district judge abused his discretion in denying the motion because 1) his original plea of guilty was not rationally made because his wife was dying of cancer at the time, and, 2) his plea was made in reliance upon ineffective assistance of counsel.
 
 
 4
 * Balough did not demonstrate to the district court how his wife's apparent illness resulted in a plea of guilty "under duress," as he now asserts. The record does show that Balough was able to clearly communicate with the court at the time of his change of plea. Nothing indicates any irrationality. The district judge did not abuse his discretion in denying the motion to withdraw the plea on this ground. See United States v. Hoyos, 892 F.2d 1387, 1400 (9th Cir.1989), cert. denied, 111 S.Ct. 80 (1990).
 
 II
 
 5
 Balough claims his lawyer did not adequately investigate the case and consequently did not file pre-trial motions challenging anticipated in-court identifications. The record shows, however, that Balough's lawyer made a strategic decision to challenge the identifications on cross-examination at trial because of the lack of cooperation of the prosecution witnesses before the trial and because the government apparently had no role in the actions that led to the possibly suggestive identification procedure.
 
 
 6
 "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. 668, 690-91 (1984). The record shows that Balough's attorney made an informed strategic decision. Balough has not shown that this was an unreasonable decision. See Hill v. Lockhart, 474 U.S. 52 (1985).
 
 III
 
 7
 Balough also claims his counsel provided ineffective assistance before his plea by failing to pursue a speedy trial motion. This assertion is not supported by any argument in Balough's opening brief. "Issues raised in a brief which are not supported by argument are deemed abandoned." United States v. Loya, 807 F.2d 1483, 1487 (9th Cir.1987).
 
 
 8
 In his reply brief, Balough contends for the first time that the delay in obtaining a hearing on remand violated his right to a speedy trial. This issue has nothing to do with whether Balough received effective assistance of counsel with respect to his original plea. Balough has failed to show that his attorney's assistance at the time he entered his guilty plea fell below an objective standard of reasonableness, and accordingly, we do not need to consider whether Balough was prejudiced by any allegedly ineffective assistance. See Eggleston v. United States, 798 F.2d 374, 376-77 (9th Cir.1986).
 
 
 9
 The district court did not abuse its discretion in denying Balough's motion to withdraw his guilty plea.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3