980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesse DAWKINS, Petitioner-Appellant,
v.
Roger W. CRIST, Warden, Arizona State Prison; et al.,
Respondents-Appellees.
 No. 92-15357.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesse Dawkins, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 1972 conviction for rape. He contends the district erred in failing to conduct an evidentiary hearing on his claim of ineffective assistance of counsel. He claims he was denied the effective assistance of counsel because: (1) his trial counsel also represented a codefendant at his plea hearing, thereby creating a conflict of interest; and (2) his trial counsel failed to offer mitigating evidence during the sentencing phase of his trial. He also contends that the state court erred in denying him a presentence mitigation hearing. Finally, he contends that the state courts erred in their handling of his several post-conviction proceedings. We review de novo the denial of a habeas petition. Desire v. California, 969 F.2d 802, 804 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.
 
 
 3
 In order to establish a violation of the sixth amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. Cuyler v. Sullivan, 446 U.S. 335, 348-50 (1980); see also Rodriguez v. Ricketts, 798 F.2d 1250, 1253 (9th Cir.1986) (claim of conflict of interest arising from joint representation fails because petitioner failed to identify any actual or potential conflict), cert. denied, 479 U.S. 1057 (1987). Moreover, the two-part test first enunciated in Strickland v. Washington, 466 U.S. 668 (1984), applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58-60 (1985). The first part requires the defendant to show that the attorney's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 668. The second, or "prejudice" requirement, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Hill, 474 U.S. at 58-60. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that but for counsel's errors, he would not have pleaded guilty. Id.
 
 
 4
 The transcript of the plea hearing, which all agree was available for review in state court proceedings but is now unavailable, indicated according to findings made by the state court, that the sentencing judge specifically questioned Dawkins regarding any promises or threats made to coerce him to enter a plea of guilty. The sentencing judge also questioned Dawkins regarding any conversations he might have had with his attorney, Mr. Gamble, about any promises made as to the length of his sentence.
 
 
 5
 Dawkins, according to the state court findings, stated at the sentencing hearing that his plea of guilty was not the result of coercion and that his attorney had not made any promises regarding the length of his sentence. Even were we to accept Dawkins' version of the facts and accept that his attorney also represented another defendant who would have testified against Dawkins at trial, Dawkins makes no showing that he would not have pled guilty or that he would have received a lesser sentence had he been separately represented. He suggests nothing that would entitle him to habeas relief in the federal court on this claim. Where he has not made known to the sentencing judge his claim that his counsel has a conflict of interest, he must demonstrate actual prejudice to this court. See Cuyler, 446 U.S. at 350. He has failed to do this.
 
 
 6
 Dawkins also appears to contend that he received ineffective assistance of counsel because his attorney failed to investigate and present mitigating evidence at the sentencing phase of his case. Where a defendant fails to state "what additional information would be gained by the discovery he now claims was necessary," and where the prosecution's case is strong, advice to enter into a plea agreement is good strategy. Eggleston v. United States, 798 F.2d 374, 376-77 (9th Cir.1986). The "performance" prong of the ineffective assistance test is not satisfied and denial of relief without an evidentiary hearing is appropriate. Id.
 
 
 7
 Dawkins fails to mention to the court what should have been investigated. He makes unsupported allegations that there is "forensic evidence" that shows that only his codefendant raped the victim. Nevertheless, the victim's testimony before the grand jury that there were two different perpetrators is clear. Moreover, Dawkins fails to present any substantiated evidence that he might have been acquitted or any mitigating evidence. Therefore, Dawkins fails the "prejudice" part of the Strickland test and the district court properly dismissed this claim.
 
 
 8
 Dawkins' claim of a denial of a presentencing mitigation hearing is raised for the first time in this court. This court views as waived claims which are raised for the first time on appeal. United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). We therefore decline to address it.
 
 
 9
 "[E]rrors in the state post-conviction proceeding[s] do not represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief. Franzen v. Brinkman, 877 F.2d 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989). We therefore affirm the district court's dismissal of this claim.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3