8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edgar FULLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-56307.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 1, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edgar Fuller, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Fuller contends that (1) he was seized without probable cause in violation of his fourth amendment rights; (2) he was wrongly convicted of distributing cocaine base; and (3) his counsel was ineffective. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 An undercover narcotics investigation led to the discovery of a "rock house" at an apartment complex in Long Beach. On two occasions, March 5 and March 15, 1990, undercover agents purchased rock cocaine and observed other sales of rock cocaine at that location. Fuller and another defendant negotiated the sales of the rock cocaine to the undercover agents, and carried through with the distribution. On July 27, 1990, a jury found Fuller guilty of two counts of distribution of a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1). Fuller appealed his conviction, and this court affirmed. See United States v. Fuller, No. 90-50630, unpublished memorandum disposition (9th Cir. Dec. 5, 1991). Fuller now challenges his conviction in this § 2255 motion.
 
 
 4
 Fuller did not raise his fourth amendment claim at trial or on direct appeal. Instead, he raises the issue for the first time in his § 2255 motion. "Section 2255, however, is not designed to provide criminal defendants multiple opportunities to challenge their sentence." United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) (citing United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985)). If a criminal defendant could have raised a claim on direct appeal but failed to do so, he must demonstrate both cause and prejudice for his procedural default. United States v. Frady, 456 U.S. 152, 165 (1982); Johnson, 988 F.2d at 945. Here, Fuller has not alleged cause or prejudice for his double procedural default. Therefore, the district court did not err by dismissing this claim. See Frady, 456 U.S. at 165; Johnson, 988 F.2d at 945.
 
 
 5
 Fuller next contends that he was wrongly convicted of distributing cocaine base. Although Fuller lists this issue as one of his points on appeal, he does not argue this claim in his brief. Therefore, we deem this issue abandoned. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) (issues not argued on appeal are abandoned absent manifest injustice); Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (same). Moreover, Fuller challenged the sufficiency of the evidence on direct appeal, and this court affirmed the conviction. See United States v. Fuller, No. 90-60630, unpublished memorandum disposition (9th Cir. Dec. 5, 1991). Therefore, we need not re-determine this claim in a § 2255 motion. See Kaufman v. United States, 394 U.S. 217, 223-28 & n. 8 (1969); Polizzi v. United States, 550 F.2d 1133 (9th Cir.1976).
 
 
 6
 Fuller contends that he was denied the effective assistance of counsel in violation of his sixth amendment rights. This contention also lacks merit.
 
 
 7
 To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694. A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 8
 Fuller claims that his counsel was ineffective because he (1) did not file a motion for a continuance so that he would have adequate time to prepare for trial; (2) did not file a discovery motion; and (3) did not request the appointment of an expert witness chemist for the defense.
 
 
 9
 As to Fuller's first claim of ineffective assistance, his attorney has filed an affidavit under oath in which he states that he felt he was adequately prepared to defend Fuller when the trial began on July 24, 1990, and that a continuance was neither necessary nor appropriate. Counsel states that he had a clear schedule before accepting the case, and devoted a substantial amount of time and resources to preparing for trial. Because Fuller has failed to show how he was prejudiced by his attorney's failure to file a continuance, this claim of ineffective assistance fails. See Strickland, 466 U.S. at 694.[1]
 
 
 10
 Fuller next claims that his counsel was ineffective because he "did not even file a motion for discovery." Fuller does not state what information should have been discovered, and there is no indication that the government failed to turn over all discovery material to petitioner or his counsel. Therefore, Fuller has not shown prejudice, and this claim also fails. See id.; United States v. Cortes, 895 F.2d 1245, 1248 (9th Cir.) (counsel's failure to request discovery where government had given him all discoverable evidence did not amount to ineffective assistance), cert. denied, 495 U.S. 939 (1990).
 
 
 11
 Finally, Fuller claims that counsel was ineffective because he did not request an expert witness chemist for the defense. Counsel claims that although he considered applying ex parte for appointment of a forensic chemist as an expert witness for the defense to testify that the substance was not crack cocaine (assuming, he states, that such a witness could be found), he rejected the idea for tactical reasons. Instead, counsel states under oath, he chose the strategy of raising a reasonable doubt about whether the substance was crack by "ambushing" the DEA chemist on the stand. This tactical decision by counsel with which the defendant disagrees, cannot form the basis of a claim of ineffective assistance. See Guam, 741 F.2d at 1169.
 
 
 12
 Fuller asks this court to order the district court to conduct an evidentiary hearing on his claims. An evidentiary hearing pursuant to § 2255 is not required, however, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Eggleston v. United States, 798 F.2d 374, 376 (9th Cir.1986). Accordingly, the district court did not err by denying Fuller's § 2255 motion without an evidentiary hearing, and no remand on this ground is required. See Eggleston, 798 F.2d at 376.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Fuller's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fuller argues that 18 U.S.C. § 3161(c)(2) of the Speedy Trial Act required that his attorney have at least thirty days to prepare for trial. This argument lacks merit
 18 U.S.C. 3161(c)(2) provides in pertinent part: "Unless the defendant consents ..., the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel...." 18 U.S.C. 3161(c)(2). Here, Fuller's first appearance was April 19, 1990, and the trial did not commence until July 24, 1990. Accordingly, there was no violation of this provision of the Speedy Trial Act.