**Ambrosio VILLAGRANA, Petitioner—Appellant,**

v.

**James GOMEZ, Respondent—Appellee.**

No. 03–56741.

D.C. No. CV–95–07691–DDP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2004.

Decided Jan. 10, 2005.

Michael Tanaka, Federal Public Defender'S Office, Los Angeles, CA, for Petitioner–Appellant.

Jeffrey B. Kahan, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before B. FLETCHER, RYMER, and PAEZ, Circuit Judges.

### MEMORANDUM *

Ambrosio Villagrana appeals the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2254. Villagrana challenges his state court conviction of first degree murder with personal use of a firearm on the ground that he was denied his Sixth Amendment right to effective assistance of counsel. Following an evidentiary hearing, the assigned magistrate judge issued a report and recommendation that the district court deny the petition. Subsequently, the district court adopted the magistrate's recommendation and denied Villagrana's petition. This court granted a certificate of appealability on the issue of whether trial counsel rendered ineffective assistance under the Sixth Amendment for failing to investigate and present three potential defense witnesses. We have jurisdiction under 28 U.S.C. § 1291 and § 2253 and we affirm.[1]

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts of the case, we recite them only as necessary to explain our disposition.

We review *de novo* the denial of a habeas petition filed pursuant to 28 U.S.C. § 2254. *Leavitt v. Arave*, 383 F.3d 809, 815 (9th Cir.2004).[2] "In particular, claims alleging ineffective assistance of counsel are mixed questions of law and fact and are reviewed *de novo*. To the extent it is necessary to review findings of fact made in the district court, the clearly erroneous standard applies." *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir.), *cert. denied*, 537 U.S. 942, 123 S.Ct. 342, 154 L.Ed.2d 249 (2002) (citations omitted).

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test under which ineffective assistance of counsel claims are analyzed. The defendant first must show that the performance of counsel was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. At the second stage, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Villagrana challenges his trial counsel's failure to investigate adequately and present three potential defense witnesses, Chacon, Suarez, and Tapia. "A lawyer who fails adequately to investigate, and to introduce into evidence, records that demonstrate his client's factual innocence, or that raise sufficient doubt as to that question to undermine confidence in the verdict, renders deficient performance." *Hart v. Gomez*, 174 F.3d 1067, 1070 (9th Cir.1999).

Even assuming that Villagrana's trial counsel's performance was deficient, Villagrana did not suffer prejudice. To establish prejudice, Villagrana must show "that there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Although "ineffective assistance claims based on a duty to investigate must be considered in light of the strength of the [State]'s case[,]" *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir.1986), Villagrana is unable to establish that there is a reasonable probability that but for the failure to investigate and present the three witnesses, the result of the trial would have been different. *See Strickland*, 466 U.S. at 694.

As Chacon testified, he was not a percipient witness to the events in the alley. At best, he could only testify to what he heard as he was taking a shower. Given the tangential nature of the testimony he offered, his testimony would not have undermined the evidence offered by the State. Similarly, although there was evidence that Tapia and Suarez heard shots in the alley and that they would have testified that they saw a red Blazer exit the alley after the shots, their testimony would not have contradicted or undermined the prosecution's case. Unlike those cases in which we have found that the deficient performance was prejudicial, here, the additional witnesses would not have provided Villagrana with an alibi or exonerating evidence. *See, e.g., Sanders v. Ratelle*, 21 F.3d 1446, 1461 (9th Cir.1994) (holding that the failure to investigate and

---

**2.** Villagrana filed his habeas petition on November 9, 1995, before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), Pub.L. 104–132,

110 Stat. 1214. Therefore, the amendments in the AEDPA are not applicable here. *See Lindh v. Murphy*, 521 U.S. 320, 322–23, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

present the confession of a third party deprived defendant "of the most critical evidence supporting his best defense"); *Brown v. Myers,* 137 F.3d 1154, 1157–58 (9th Cir.1998) (holding that the failure to interview and present alibi witnesses who would have supported the defendant's version of events was prejudicial); *Luna v. Cambra,* 306 F.3d 954, 961–66 (9th Cir.) (holding that the failure to interview and present alibi witnesses and to admit a third party out-of-court confession to the crime was prejudicial), *amended by* 311 F.3d 928 (9th Cir.2002).

Although the State did not present eyewitness testimony of the shooting, it presented powerful circumstantial evidence, including Villagrana's father-in-law's statements to the police regarding Villagrana's conduct and statements immediately before and after the murder. As the record reflects, Villagrana's father-in-law attempted to distance himself from these statements. However, we must assume that the jury credited his original statements. As a result, there is not a reasonable probability that the presentation of the three witnesses would have altered the jury's verdict. Thus, even assuming that Villagrana's trial counsel's performance was deficient, Villagrana did not suffer any prejudice.

AFFIRMED.

BETTY B. FLETCHER, Circuit Judge, dissenting.

I respectfully dissent. As the majority admits, the government's case was entirely circumstantial. The three witnesses Villagrana's lawyer failed to interview and call would have cast serious doubt on the prosecution's already flimsy case against Villagrana.

The prosecution presented a simple story of an angry Villagrana chasing the victim in his blue truck and gunning him down. But the statements of the witnesses Villagrana's lawyer failed to interview—three individuals at or near the scene at the time of the shooting—indicate the presence at the scene of another person and another vehicle, both unaccounted for in the prosecution's theory. Specifically, Suarez and Tapia told the police they saw the victim run into the alley and that a red vehicle emerged from the alley after the shooting; they did not say that the victim was pursued by a blue truck. Chacon told police that, although he was in the shower at the time, from his bathroom overlooking the scene he heard someone say in Spanish, "Don't let him do that to you, Emilio" right before the gunshots. With Chacon, Suarez, and Tapia testifying, the government's best evidence—the hearsay witness who reported that *another man* said he saw the driver of the blue truck shoot at the victim—would have been subject to additional doubt. Neither the hearsay witness nor his declarant identified Villagrana as the driver of the blue truck from which the shots were supposedly fired. The state's theory, already poorly supported and completely lacking in physical evidence linking Villagrana to the murder, would have had to be retooled to explain the presence of the other individual and the other vehicle.

The majority is correct that Villagrana's "missing witnesses" would not have been as strong evidence in his favor as unexplored evidence in other cases in which our court has found prejudice. However, the government's case *against* Villagrana is also weaker than the evidence against defendants in other cases in which our court has found prejudice. Two of the majority's own examples are illustrative. In *Brown v. Myers,* 137 F.3d 1154, 1155–

58 (9th Cir.1998), we found that defense counsel's failure to investigate and call witnesses to corroborate Brown's alibi prejudiced Brown, even though the prosecution's case included a witness who heard the shooting and then saw Brown run away, a witness who saw Brown running from the scene holding a gun, and a witness *who actually saw Brown shooting at the victim.* In *Sanders v. Ratelle,* 21 F.3d 1446, 1449, 1461 (1994), we found that defense counsel's failure to interview and call as a witness Sanders's brother, who previously confessed to the shooting, prejudiced Sanders *despite the fact that five witnesses testified at trial that Sanders was the shooter.* Without physical evidence or any witnesses who directly identified Villagrana as the shooter, the government's case against Villagrana was far weaker than against defendants in these other cases. The majority acknowledges that "ineffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case," *Eggleston v. United States,* 798 F.2d 374, 376 (9th Cir.1986), but the majority has not actually applied this principle to Villagrana's claim.

The few witnesses the defense called at trial did little, if anything, to undermine the prosecution's evidence. In light of the "feeble" case the defense presented and the weak and circumstantial nature of the government's case, "there can be little doubt that the testimony of the ... additional witnesses would have altered significantly the evidentiary posture of the case." *Rios v. Rocha,* 299 F.3d 796, 811, 813 (9th Cir.2002) (citation and internal quotation marks omitted). As a result, there is "[a]t the very least ... grave doubt as to prejudicial nature of [counsel's] deficient performance." *Id.* (citation and internal quotation marks omitted). In such a case,

reversal is required. *Id.; Lord v. Wood,* 184 F.3d 1083, 1096 (9th Cir.1999).

I therefore respectfully dissent.