**Michael D. WHITELEY, Petitioner—Appellant,**

v.

**State of IDAHO, Respondent—Appellee.**

No. 04–35044.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2005.*

Decided May 9, 2005.

Teresa A. Hampton, Esq., Boise, ID, for Petitioner–Appellant.

L. Lamont Anderson, Esq., Office of Attorney General, Boise, ID, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM **

Idaho state prisoner Michael D. Whiteley ("Whiteley") appeals the dismissal of his 28 U.S.C. § 2254 habeas petition. Whiteley alleges that his counsel rendered ineffective assistance by failing to contact and present potential trial witnesses, and that there was insufficient evidence to support his convictions for the kidnaping and rape of Sylvia Canido Gonzales ("Canido"). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.[1]

We review a district court's denial of a 28 U.S.C. § 2254 habeas petition de novo. *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003). Because Whiteley's petition was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Slack v. McDaniel*, 529 U.S. 473, 481, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Whiteley first argues that the evidence presented at trial was insufficient to support his conviction. A petitioner claiming insufficiency of the evidence must show that "upon the record evidence adduced at the trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We have not yet decided "whether AEDPA requires an additional degree of deference to state courts' resolution of sufficiency of the evidence claims." *Bruce v. Terhune*, 376 F.3d 950, 970 (9th Cir.2004). We need not reach the issue in this case, however, because Whiteley's claim fails even if no AEDPA deference is required. *See id.*

■ Whiteley was charged with first-degree kidnaping and rape.[2] On the basis of the evidence presented a trial, Whiteley cannot demonstrate that no rational trier of fact could find him guilty of these charges. This evidence included the victim's detailed account of the kidnaping and four rapes. Canido's testimony was corroborated by Whiteley's own statements to Canido that he was "sorry for what I did," and his admission to Paula Hegsted that he was "sorry I did it"; Bishop Saunders' testimony that Canido never showed up for her appointment on the day of the kidnaping and that after the incident Whiteley said he "made sure" that Canido was pregnant; Rachel Gonzalez's testimony that Canido called her during the kidnaping and Whiteley instructed Canido to speak only in English and told Gonzalez not to call the police; telephone bills reflecting these calls, Officer Fuhriman's observation of a bruise on Canido's thigh, and physical evidence of the stun gun and handcuffs that were used in the crime.

Whiteley does not allege that the government failed to prove an element of the crimes charged. Rather, he claims that the evidence was insufficient because Canido's testimony contained inconsistencies and was therefore not credible. However,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to explain our disposition.

2. *See* Idaho Code § 18–4501 (1990) (defining kidnaping); Idaho Code § 18–4502 (1990) (defining first-degree kidnaping); Idaho Code § 18–6101 (1990) (defining rape).

a federal habeas court " 'must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Bruce,* 376 F.3d at 957 (quoting *Jackson,* 443 U.S. at 326, 99 S.Ct. 2781). "A jury's credibility determinations are therefore entitled to near-total deference under *Jackson.*" *Id.* In sum, ample evidence supported the verdict, and Whiteley is not entitled to habeas relief on his insufficient evidence claim.

Whiteley next argues that his trial counsel rendered ineffective assistance by failing to personally interview and present the testimony of five potential witnesses. To prevail on this claim, Whiteley must demonstrate that his attorney's performance was deficient in that it fell below an objective standard of reasonableness, and that but for his counsel's errors, there is a reasonable probability that the result of his trial would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Further, under AEDPA, Whiteley must show that the state court's decision was "contrary to, or involved an unreasonable application of" *Strickland.* 28 U.S.C. § 2254(d)(1).

[redacted] Thompson, Whiteley's trial counsel, did not render deficient performance by failing to personally interview potential witnesses. Thompson personally spoke with two of the five witnesses, and his investigator interviewed the remaining three. Thus, Thompson was aware of the proposed testimony of all of the witnesses when he decided not to call them at trial. Although counsel has a duty to investigate and prepare an adequate defense, we have held that "[t]he fact that trial counsel did not personally interview each witness does not constitute ineffective assistance," *LaGrand v. Stewart,* 133 F.3d 1253, 1274 (9th Cir.1998), especially where a witness's account is "otherwise fairly known to defense counsel." *Eggleston v. United States,* 798 F.2d 374, 376 (9th Cir.1986) (internal quotation marks omitted). Moreover, Thompson explained that his decision not to call these witnesses was tactical: Thompson believed their testimony was cumulative and bordering on irrelevant. This decision is entitled to deference. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. Because we hold that Thompson's performance was not deficient, we need not reach the prejudice prong of the *Strickland* test. *See Silva v. Woodford,* 279 F.3d 825, 850 n. 23 (9th Cir.2002). In sum, we conclude that the Idaho Supreme Court's adjudication of Whiteley's ineffective assistance claim was not contrary to, or an unreasonable application of, *Strickland.*

AFFIRMED.