**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Javid NAGHANI, Defendant–Appellant.**

No. 06–55976.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provid-ed by 9th Cir. R. 36–3.

Submitted Oct. 19, 2007.[*]

Filed Oct. 26, 2007.

Michael J. Raphael, Esq., Elizabeth R. Yang, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Law Offices of Richard G. Novak, Pasadena, CA, for Defendant–Appellant.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BYBEE and M. SMITH, Circuit Judges, and MILLS **, District Judge.

## MEMORANDUM ***

The facts and procedural posture of this case are known to the parties, and we do not repeat them here. Javid Naghani appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate his conviction and obtain a new trial for violation of 49 U.S.C. § 46504. He argues that, under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), he received ineffective assistance of counsel at his trial because his trial counsel failed to interview or call as a witness Roman Dubejski, a flight attendant to whom Naghani made a threatening remark that served as the basis for his conviction. He also asserts that the district court erred in denying his request for an evidentiary hearing related to his *Strickland* claim.

We review the denial of a § 2255 motion *de novo* and the district court's denial of an evidentiary hearing for an abuse of discretion. *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir.2006).

To succeed under *Strickland*, Naghani must demonstrate that his trial counsel was deficient in that his representation "fell below an objective standard of reasonableness" and that as a result of his counsel's deficient performance, there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052.

■ Naghani first asserts that his trial counsel was deficient in failing to interview flight attendant Dubejski prior to trial. Although defense counsel is required to conduct a reasonable investigation into a defendant's case, counsel is not required to interview every witness, particularly where the potential witness's version of events are fairly known to defense counsel. *See Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir.1986). As part of his preparation for trial, Naghani's trial counsel reviewed the written statements of Dubejski as well as the investigator reports of interviews with Dubejski. Naghani does not allege that an interview with Dubejski would have revealed any new material facts. Trial counsel's review of the written statements was therefore sufficient to make the potential witness's version of events fairly known to him, *id.*, and thus his representation of Naghani was not constitutionally deficient because he did not interview Dubejski.

■ Naghani also asserts that his trial counsel was constitutionally deficient because he failed to call Dubejski as a witness at trial. Dubejski's written statements indicated that he did not personally hear Naghani make the threatening statement that served as the basis for Naghani's conviction, even though Naghani allegedly made the threat during a heated, face-to-face discussion with Dubejski. However, strategic trial decisions, such as whether to call a particular witness at trial, "rest[ ] upon the sound professional judgment of the trial lawyer," *Gustave v.*

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States,* 627 F.2d 901, 904 (9th Cir. 1980), and appropriately informed strategic choices "are virtually unchallengeable," *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052. In this case, Naghani's trial counsel considered the possibility of calling Dubejski as a witness but concluded that his testimony would not be helpful, particularly since two other witnesses who were not employees of Air Canada were available and willing to testify to similar effect. Furthermore, a review of the record indicates that Dubejski's expected testimony, though bolstering some aspects of the defense case, may have contradicted or weakened other aspects of it. This kind of strategic choice, made by informed counsel, is not constitutionally deficient representation. *See id.*

Because we conclude that Naghani's trial counsel was not constitutionally deficient, we need not address the prejudice element of his *Strickland* claim.

■ Finally, Naghani also challenges the district court's refusal to grant an evidentiary hearing to determine if his trial counsel's performance was deficient. An evidentiary hearing is not required "where the files and records conclusively show that the movant is not entitled to relief." *United States v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir.1998). Naghani's § 2255 motion did not allege the existence of any additional facts outside the record that are pertinent to either element of the *Strickland* claim that would have benefitted from an evidentiary hearing. Because the record demonstrates conclusively that Naghani is not entitled to relief, the district court did not abuse its discretion in declining to conduct an evidentiary hearing.

The district court's denial of Naghani's motion under 28 U.S.C. § 2255 to vacate his conviction and obtain a new trial is AFFIRMED.