FILED

OCT 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY JIN KWAK, | No. 09-15950 |
| Petitioner - Appellant, | D.C. No. 1:07-cv-00534-SOM-KSC |
| v. | |
| CLAYTON FRANK, Acting Director, Department of Public Safety, State of Hawaii, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted October 12, 2010
Honolulu, Hawaii

Before: HAWKINS, McKEOWN and RAWLINSON, Circuit Judges.

The district court properly denied Petitioner-Appellant Tony Jin Kwak's

(Kwak) federal habeas petition because the Hawaii Intermediate Court of Appeals

--------

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

made a reasonable "determination of the facts in light of the evidence presented in the [s]tate court proceeding."  28 U.S.C. § 2254(d)(2).

Trial counsel's failure to pursue a defense theory predicated on another person's elbow strike, rather than Kwak's kick as the fatal blow, was reasonably determined to be a tactical decision.  *See Cheney v. Washington*, 614 F.3d 987, 996 (9th Cir. 2010) ("Under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)], the court must indulge a strong presumption that counsel acted for tactical reasons rather than through sheer neglect." ) (citation, alteration and internal quotation marks omitted).

Kwak's argument that counsel's decision not to interview Mahealani Kaae (Kaae) was objectively unreasonable, and could not have been tactical, fails. "Counsel is not obligated to interview every witness personally in order to be adjudged to have performed effectively[.]"  *Lord v. Wood*, 184 F.3d 1083, 1095 n.8 (9th Cir. 1999) (citations omitted).  Counsel reached an informed decision by reviewing Kaae's inconsistent statements to the police.  "A claim of failure to interview a witness may sound impressive in the abstract, but it cannot establish ineffective assistance when the person's account is otherwise fairly known to defense counsel."  *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986) (citation omitted).

2

Kwak's argument regarding counsel's failure to secure a medical expert to testify that an elbow strike could have caused the victim's death is unpersuasive. The medical examiner who performed the victim's autopsy expressly refuted the elbow strike theory, rendering the theory "so inherently implausible as to undermine defense counsel's credibility[.]" *Lord*, 184 F.3d at 1086.

**AFFIRMED.**