**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-35252 |
| Plaintiff - Appellee, | D.C. Nos.  2:09-cv-00148-WFN |
| v. | 2:04-cr-00262-WFN |
| KENNETH DALE GOOCH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted March 8, 2011
Seattle, Washington

Before: McKEOWN, FISHER, and GOULD, Circuit Judges.

Defendant-Appellant Kenneth Gooch appeals the district court's denial of

his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on

the ground that his counsel provided him with ineffective assistance. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

There are two elements that a defendant must satisfy to establish a Sixth Amendment right to counsel violation on the theory that counsel's representation was constitutionally ineffective: First, it is necessary to show that counsel's performance was deficient and, second, the defendant must show that the deficient performance prejudiced the defense. *See Earp v. Ornoski*, 431 F.3d 1158, 1173 (9th Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Gooch has not shown that his counsel's performance was deficient.[1]

Gooch contends that his counsel should have made further efforts to locate and interview two potential witnesses, Elizabeth Troudt and Amanda Card. But "[a] claim of failure to interview a witness . . . cannot establish ineffective assistance when the person's account is otherwise fairly known to defense counsel." *Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001) (citing *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986)).  Defense counsel knew Troudt's account because he reviewed the transcript of her grand jury testimony and reports of her interviews with law enforcement. Gooch does not identify

---

[1]     Because we hold that counsel's performance was not deficient, we need not assess whether counsel's performance prejudiced the defense.

2

additional information his counsel would have obtained by interviewing Troudt, except to claim that her testimony would have been useful to impeach a key prosecution witness. But Troudt's testimony would also have implicated Gooch by connecting him to the Beretta. The strategy of not pursuing Troudt further as a witness[2] falls within the "wide latitude" accorded counsel for tactical decisions. *Strickland*, 466 U.S. at 689.

Nor does Gooch explain what relevant information would have been gained by interviewing Card. Her testimony might have been used to impeach Troudt, but because Troudt didn't testify, what Card might have said would not have affected the jury's decision.

**AFFIRMED.**

---

[2]     Defense counsel did hire an investigator to find Troudt, but that effort was not successful.