NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MADAYAG, | No. 09-17330 |
| Petitioner - Appellant, | D.C. No. 4:08-cv-04989-PJH |
| v. | |
| MICHAEL S. EVANS, Warden; A. HEDGPETH; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted July 12, 2011[**]
San Francisco, California

Before: SILVERMAN and GRABER, Circuit Judges, and WRIGHT, District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Otis D. Wright, II, United States District Judge for the
Central District of California, sitting by designation.

A jury in state court convicted Petitioner Michael Madayag, a California state prisoner, of two counts of battery.[1] Madayag was subsequently sentenced to two concurrent terms of 25 years to life to run consecutively to his sentence for prior convictions. He appeals the district court's denial of his petition for a writ of habeas corpus. We affirm.

Madayag's habeas petition raises three grounds upon which his trial counsel was constitutionally ineffective: (1) the failure to call two prison inmates as defense witnesses; (2) the failure to object to evidence of Madayag's prior criminal convictions; and (3) the failure to request a "defense of others" jury instruction. His petition fails on all three grounds.

First, the performance of Madayag's trial counsel was not constitutionally deficient because the decision not to have Lavea or Townsend take the witness stand was an informed strategic choice. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) (holding that trial counsel's informed strategic choices "are virtually unchallengeable."); *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986) (holding that trial counsel not required to interview witness where the potential witness' versions of events are fairly known to counsel). Regardless, trial counsel's

---

[1] The jury found Madayag to have committed battery on a prison guard and convicted him of: (1) battery by a prisoner on a non-confined person pursuant to Cal. Penal Code § 4501.5; and (2) battery with a serious bodily injury pursuant to Cal. Penal Code § 243(d).

performance was not prejudicial because Lavea and Townsend's testimony would not have been consistent with the defense theory – that the prosecution's case lacked evidence of Madayag actually approaching and assaulting the prison guard. Accordingly, there is no reasonable probability that had either Lavea or Townsend testified the result would have been different. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Second, Madayag was not prejudiced by his trial counsel's failure to object to a trial exhibit containing abstracts of judgment of his prior convictions because the mere fact that the jury *may* have seen a list of Madayag's prior convictions does not establish a reasonable probability that the jury would have reached a different result. *Id.* Lastly, Madayag's trial counsel was not ineffective in failing to request a "defense of others" jury instruction because he made a tactical decision not to seek jury instructions contradicting  Madayag's theory at trial that there was no evidence of Madayag actually approaching and assaulting the prison guard. *See Strickland*, 466 U.S. at 690; *Williams v. Woodford*, 384 F.3d 567, 611-12 (9th Cir. 2004) (finding that defense counsel was not ineffective for failing to present evidence that contradicted the primary defense theory).

In light of the foregoing, all of Madayag's claims fail, and the cumulative error doctrine cannot apply as a result. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002). Furthermore, the district court was not obligated to conduct an evidentiary hearing as "the record refutes [Madayag's] factual allegations or otherwise precludes habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Regardless, an evidentiary hearing was not necessary as the existing record was sufficient to resolve Petitioner's claims. *See Cullen v. Pinholster*, --- U.S. ----, 131 S. Ct. 1388, 1398 (2011) (holding that habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

**AFFIRMED.**