**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DION WINSTON,

               Petitioner - Appellant,

  v.

DWIGHT NEVEN, Warden; ATTORNEY
GENERAL OF THE STATE OF
NEVADA,

               Respondents - Appellees.

No. 12-15483

D.C. No. 2:09-cv-00393-JCM-RJJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 5, 2013[**]
Pasadena, California

Before: GOODWIN, FISHER, and CLIFTON, Circuit Judges.

Appellant Dion Winston appeals the district court's denial of his 28 U.S.C. §

2254 habeas petition.  Winston alleges that his trial counsel's failure to interview

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Robert LaBelle before trial was ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review *de novo* a district court's denial of habeas corpus relief. *Miles v. Ryan*, 713 F.3d 477, 485 (9th Cir. 2013). The Antiterrorism and Effective Death Penalty Act ("AEDPA") permits federal habeas relief only if Winston demonstrates that the state court's denial of his claim (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Review of ineffective assistance claims under AEDPA is "doubly deferential," and relief may be granted only if the state court "unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by" *Strickland v. Washington*, 466 U.S. 668 (1984). *Saesee v. McDonald*, 725 F.3d 1045, 1048 (9th Cir. 2013) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009)) (internal quotation marks omitted). Under *Strickland*, Winston must demonstrate both that counsel's performance was constitutionally deficient and that such deficiency prejudiced the defense. *See* 466 U.S. at 687.

2

It was not unreasonable for the state court to conclude that Winston was not prejudiced by counsel's failure to interview LaBelle before trial. The jury heard LaBelle's testimony and, after weighing it against the conflicting testimony and physical evidence presented at trial, rejected his account of the shooting. *See Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986) ("[I]neffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case."); *see also Wilson v. Henry*, 185 F.3d 986, 988-90 (9th Cir. 1999).

Winston's argument that counsel could have obtained exculpatory physical evidence as a result of a pre-trial interview with LaBelle is similarly unpersuasive. Both nine millimeter and .45 caliber shell casings were found near where witnesses testified they saw Winston with a gun on the night of the shooting. Police recovered unused .45 caliber ammunition at Winston's mother's house, but no evidence connected Winston to the nine millimeter casings. Because the state's theory of the case was that Winston was liable either as the shooter or for aiding and abetting the shooter, evidence of the caliber of bullet that hit LaBelle would not have had a reasonable probability of affecting the outcome at trial. *See Harrington v. Richter*, 131 S. Ct. 770, 792 (2011) (holding that in assessing

3

prejudice under *Strickland*, "[t]he likelihood of a different result must be substantial, not just conceivable").

Winston's argument that the state court based its decision on an unreasonable determination of facts is without merit. *See Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004) ("[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable.").

Accordingly, the state court's decision qualifies for deference under 28 U.S.C. § 2254(d). We therefore deny Winston's motion to expand the record on appeal. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."); 28 U.S.C. § 2254(d)(2) (limiting review to "evidence presented in the State court proceeding"); *see also Johnson v. Finn*, 665 F.3d 1063, 1069 n.1 (9th Cir. 2011).

The district court's denial of Winston's habeas petition is AFFIRMED and his motion to expand the record on appeal is DENIED.