**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GREGORY DIXON, | No. 13-57109 |
| Petitioner-Appellant, | D.C. No. 2:08-cv-07189-ABC-AJW |
| v. | |
| ROBERT L. AYERS, JR., Warden | MEMORANDUM[*] |
| Respondent-Appellee. | |

On Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted October 21, 2015[**]
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges, and SESSIONS,[***] District Judge.

Gregory Dixon, a California state prisoner, appeals from the district court's denial

of his petition for a writ of habeas corpus.  In 1998, after being initially deemed

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

incompetent to stand trial, Dixon pled no contest to two counts of second degree robbery and received two consecutive twenty-five year sentences. He now alleges ineffective assistance of counsel, arguing that his defense attorney failed to properly investigate his mental health issues, and failed to advise him of the available mental health defenses prior to the plea hearing. We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.

We review the district court's denial of a habeas corpus petition *de novo*. *See Smith v. Swarthout*, 742 F.3d 885, 892 (9th Cir. 2014). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas relief can only be granted if the state court proceeding which adjudicated the claim on the merits "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We review the Los Angeles County Superior Court's post-conviction relief decision in this matter, as it is "the 'last reasoned state court decision' addressing [Appellant's] claims." *Smith*, 742 F.3d at 892.

Dixon contends that the state court's denial of his ineffective assistance of counsel claim was "contrary to, or involved an unreasonable application of" clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1). To show ineffective assistance of counsel, Dixon must demonstrate that (1) his counsel's performance was deficient; and (2)

counsel's deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  We must indulge a "strong presumption of competence" on the part of counsel.  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011).   Because *Strickland*'s test is already deferential to counsel, our review under § 2254 is "doubly deferential."  *Id*. (internal quotation marks omitted).  Furthermore, in a case involving plea bargains, a reviewing court must keep in mind that "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks."  *Premo v. Moore*, 562 U.S. 115, 124 (2011).  In the plea bargain context, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Dixon claims that his attorney failed to fully investigate his mental health issues before advising him to enter into a plea agreement.  It is clearly established that counsel had "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  *Strickland*, 466 U.S. at 691.  That said, the duty to investigate is "'not limitless.'"  *Hendricks v. Calderon*, 70 F.3d 1032, 1039 (9th Cir. 1995) (quoting *United States v. Tucker*, 716 F.2d 576, 584 (9th Cir. 1983)).  Furthermore, this Court has determined that "[t]here is no clear Supreme Court case law

always requiring a mental health investigation at the guilt or penalty phase." *Gonzalez v. Wong*, 667 F.3d 965, 991 (9th Cir. 2011) (citations omitted).

Here the state habeas court's conclusion that Dixon's counsel did not render a deficient performance was not an unreasonable application of Strickland. The trial court in this case identified potential mental health issues early in the proceedings, and ordered evaluations with respect to Dixon's fitness to stand trial. As a result, defense counsel was in possession of expert reports initially concluding that Dixon was not competent. Subsequent reports, however, called into question whether Dixon was truly mentally ill, or whether he was faking mental illness in order to escape full punishment for his crimes.

A defense attorney with access to these mixed reports could have reasonably concluded that additional investigation into Dixon's mental health was unnecessary. *See Rompilla v. Beard*, 545 U.S. 374, 383 (2005) ("[R]easonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste."). At most, counsel might have used the mental health reports to argue either that Dixon did not have the requisite intent to commit a robbery, or that he could not tell right from wrong. Weighing against those claims, however, would have been reports calling into serious question whether Dixon's purported illnesses, both past and present, were real. *See, e.g., Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986) ("[I]neffective assistance claims based on a duty to investigate must be considered in light of the strength of the

government's case."). Moreover, had Dixon gone to trial and presented his mental health defenses, the potential maximum sentence for his crimes was between 176 and 186 years to life. While Dixon's ultimate sentence was still severe, by entering into a plea agreement he at least secured the possibility of release before the end of his life.

The state court's decision that Dixon also failed to show prejudice was not an unreasonable application of *Strickland*. The state court could have reasonably concluded that the evidence regarding Dixon's mental state would not have changed the outcome of a trial, and therefore that it was not reasonably probable that, had Dixon's attorney investigated his mental state, Dixon would have insisted on going to trial. Given the most recent reports of potential malingering, the state court could reasonably conclude that a jury would likely not consider additional mental health evidence as favorable to Dixon's cause. *See Hill*, 474 U.S. at 59.

At the change of plea hearing, defense counsel informed the trial court that he and his client had discussed possible defenses "extensively." Dixon agreed that he and his attorney had discussed the case thoroughly. Moreover, in the course of entering his guilty plea, Dixon was able to recall his actions during the crimes. The court accepted the plea as knowing and voluntary, and Dixon has failed to show that counsel's advice to enter into a plea, particularly given the potential maximum sentence, fell below the *Strickland* standard. We therefore find that the state court did not unreasonably apply clearly

13-57109

established federal law when it concluded that Dixon had failed to show ineffective assistance of counsel.

**AFFIRMED.**